2110

Jarvis GRAYSON, Respondent v. CARTER RHOAD FURNITURE, Employer, and South Carolina Merchants Association, Carrier, Appellants.

(439 S.E. (2d) 859)

Court of Appeals

*F. Earl Ellis, Jr.* and *Andrew F. Lindemann,* of *Nauful & Ellis,* Columbia, *for appellants.*

*J. Marvin Mullis, Jr.* and *James B. Richardson, Jr.,* of *Svalina, Richardson & Smith,* Columbia, *for respondent.*

Heard Nov. 3, 1993.

Decided Dec. 20, 1993.

Reh. Den. Feb. 18, 1994.

BELL, Judge:

This is a workers' compensation case. Jarvis Grayson sought additional temporary total disability benefits for an injury he suffered while employed at Carter Rhoad Furniture. The single commissioner denied the benefits and the full commission affirmed. On appeal, the circuit court reversed the full commission. Carter Rhoad appeals. We affirm.

Grayson's job with Carter Rhoad was lifting and moving furniture. In August, 1990, he injured his back while working. In December, 1990, the treating physician, Dr. Graziano, re-

leased him to return to work, although he advised Grayson to be careful with lifting. Grayson returned to his job on December 17, 1990. He testified that he did his job the best he could, but was not able to do it as well as before his injury, and that the work was causing him a lot of pain. Three weeks later, Carter Rhoad terminated Grayson's employment. Grayson claims he is still disabled and entitled to additional benefits.

The single commissioner found Grayson was in need of further medical treatment but had not proven he was entitled to any additional temporary total disability benefits. The commissioner ordered Carter Rhoad to have Grayson evaluated by a neurologist and to provide any treatment the neurologist believed necessary. The commissioner also held that if Dr. Graziano or the neurologist excused Grayson from work, Carter Rhoad would have to pay temporary total disability benefits during that time.

The full commission affirmed the single commissioner's decision. Grayson petitioned for judicial review. Finding that the decision was not supported by substantial evidence, the circuit court reversed and remanded for entry of an order commencing temporary total benefits as of the date Carter Rhoad fired Grayson, to run until further order of the commission. Carter Rhoad appeals.

In a workers' compensation case, the decision of the commission may be reversed if substantial rights of the claimant have been prejudiced because the administrative findings are clearly erroneous in view of the substantial evidence on the record as a whole. *See* S.C. Code Ann. § 1-23-380(g)(5) (1986); *Massey v. W.R. Grace & Company*, 286 S.C. 434, 334 S.E. (2d) 122 (1985). In this case, the administrative findings are clearly erroneous because they are based on a mistaken view of the evidence.

In addition to Grayson's testimony, the single commissioner had before him five reports that discussed in varying degrees Grayson's medical history and prognosis. In his order, the single commissioner stated:

The Claimant saw Dr. Margalit and Dr. Kochanski. Although neither gave an opinion specifically as to maximum medical improvement both assigned permanent physical impairment ratings.

Dr. Margalit's report, dated May 31, 1991, stated that Grayson had *not* reached maximum medical improvement and certainly needed further treatment. Thus, the commissioner erred in finding that Dr. Margalit gave no opinion as to maximum medical improvement. Dr. Margalit additionally stated that he would hesitate "greatly" to allow Grayson to return to Carter Rhoad Furniture when he would have to lift heavy items. He assigned a *preliminary* impairment rating of 10-15% to Grayson's back. Again, the single commissioner erred in finding this was a "permanent" physical impairment rating.

Dr. Kochanski's report, dated May 31, 1991, stated that Grayson should have a CT scan done in order to help in a diagnosis. The report did not discuss Grayson's ability to return to work, although it recommended further drug and physical therapy.

Dr. Moskow's report, dated March 11, 1991, stated that Grayson was last seen on February 18, 1991, when he complained of continued pain in his spine. Physical examination revealed tenderness in the lower lumbar spine. The report did not make a determination of Grayson's ability to return to work.

Dr. Graziano's report of December 11, 1990, stated Grayson could return to work, but advised that he should be careful with lifting. Dr. Graziano also saw Grayson in March, 1991, at which time he again stated that Grayson could return to work, but might have problems with heavy lifting. This evidence must be viewed in light of the uncontroverted testimony that Grayson's job consisted almost entirely of heavy lifting.

The report of Timothy Bryson, a board certified rehabilitation counselor and a board certified vocational expert, stated that Grayson was very seriously if not totally disabled. His report further concluded that "[i]n the absence of a formal physical capacities evaluation, it must be assumed that Mr. Grayson is qualified for work which is commensurate with his subjective complaints. The would limit him to unskilled, sedentary work."

Viewing the record as a whole, we reach the inescapable conclusion that the commission's decision rested on a clearly erroneous view of the evidence before it. The circuit court was correct in holding that the commission's decision was not supported by substantial evidence.

Affirmed.

SHAW and CONNOR, JJ., concur.