24193

Jarvis GRAYSON, Respondent v. CARTER RHOAD FURNITURE, Employer, and South Carolina Merchants Assocation, Carrier, Petitioners.

(454 S.E (2d) 320)

Supreme Court

---

*F. Earl Ellis, Jr.* and *Andrew F. Lindemann, Ellis, Lawhorne, Davidson & Sims, P.A.,* Columbia, *for petitioner.*

*J. Marvin Mullis, Jr.* and *James B. Richardson, Jr., Svalina, Richardson and Smith,* Columbia, *for respondent.*

Heard Jan. 3, 1995.

Decided Feb. 13, 1995; Reh. Den. Mar, 8, 1995.

WALLER, Justice:

We granted certiorari to review the Court of Appeals' decision reported at 312 S.C. 250, 439 S.E. (2d) 859 (Ct. App. 1993). We affirm as modified.

## FACTS

This is a worker's compensation case. Jarvis Grayson was employed as a furniture mover for Petitioner, Carter Rhoad Furniture. He injured his back on August 23, 1990 while moving a sofa with a co-worker. Grayson continued to work for several weeks but, by October 9, 1990, he was unable to work due to back pain. Grayson remained out of work for several weeks, for which Carter Rhoad paid him temporary total disability benefits. On December 11, 1990, an orthopaedic physician, Dr. Joel Graziano, advised Grayson he could return to work the following Monday but warned he "should be somewhat careful with lifting, etc."

Grayson returned to work on December 17, 1990. He worked in pain for three weeks and was terminated on January 7, 1991.[1]

Grayson instituted the present action to resume compensation benefits for temporary total disability. After a hearing, the Single Commissioner found Grayson had not proven entitlement to further temporary total disability benefits. The Full Commission affirmed. The Circuit Court reversed, finding that Dr. Graziano's release of Grayson to return to work did not constitute substantial evidence on which to terminate temporary total disability benefits. The Court of Appeals affirmed stating, "In this case, the administrative findings are based on a **mistaken view** of the evidence." The Court of Appeals later stated, "the commission's decision rested on a **clearly erroneous view of the evidence** before it." We granted certiori.

## ISSUE

Did the Court of Appeals misapply the substantial evidence test?

---

[1] The reason given by Carter Rhoad for Grayson's termination was his lack of a driver's license. Although Grayson disputes the reason for his termination, the matter is not before this Court.

### DISCUSSION

A Court may not substitute its judgment for that of an agency as to the weight of the evidence on questions of fact unless the agency's findings are clearly erroneous in view of the reliable, probative and substantial evidence on the whole record. *Lark v. Bi-lo*, 276 S.C. 130, 276 S.E. (2d) 304 (1981); S.C. Code Ann § 1-23-380(A)(6) (Supp. 1993). Substantial evidence is not a mere scintilla of evidence, but evidence which, considering the record as a whole, would allow reasonable minds to reach the conclusion the agency reached. *Stokes v. First National Bank*, 306 S.C. 46 410 S.E. (2d) 248 (1991). Substantial evidence, however, is something less than the weight of the evidence. *De Groot v. Employment Security Commission*, 285 S.C. 209, 328 S.E. (2d) 668 (Ct. App. 1985). Where there is conflicting medical evidence, the findings of fact of the commission are conclusive. *Hoxit v. Michelin Tire Corp.*, 304 S.C. 461, 405 S.E. (2d) 407 (1991).

Here, as proof that the Commission's findings are supported by substantial evidence, Carter Rhoad cites Dr. Graziano's report releasing Grayson to work to be "somewhat careful with lifting," and Graysons's own testimony that he actually returned to work for three weeks. We agree with the Court of Appeals that this does not constitute substantial evidence but for a different reason.

The quandary created by the evidence is that Grayson was never released by Dr. Graziano to return to work "without restriction." S.C. Code Ann. Vol. 25-A, Worker's Compensation Regulation 67-504 provides, in pertinent part, as follows:

> C. When the claimant reaches maximum medical improvement and the **authorized health care provider reports the claimant is able to return to work without restriction** to the same job or other suitable job, and such a job is provided by the employer, **or the claimant agrees he or she is able to return to work without restriction,**[2] the employer's representative may suspend compensation benefits by complying with section D below. (Emphasis supplied.)

---

[2] Although Grayson signed a Form 17 indicating he had returned to work for fifteen days, he testified he could not do so without pain and could not perform his job as well as before. Accordingly, there is no evidence Grayson agreed he was able to do work "without restriction."

Dr. Graziano's release in fact contains the restriction ■ Grayson be "somewhat careful with lifting." Grayson's sole function as a furniture mover for Carter Rhoad involved lifting and moving heavy objects. As such, there was no evidence Grayson had ever returned to work "without restriction," and, as such, his period of temporary total disability was never properly terminated in accordance with the Regulation.[3]

Contrary to the Court of Appeals' ruling that the Commission's findings were based upon a "mistaken view of the evidence," there is, in reality, **no** evidence that Grayson's period of temporary total disability ever ended. Accordingly, we modify the Court of Appeals' opinion to the extent it held the Commission's findings were based upon a "mistaken" or "clearly erroneous" view of the evidence.

The judgment is

Affirmed as modified.

FINNEY, C.J., TOAL and MOORE, JJ., and A. LEE CHANDLER, Acting Associate Justice, concur.

---

[3] At oral argument, Carter Rhoad asserted the Regulation was inapplicable to this case. We disagree. Grayson was injured on August 23, 1990, and worked until October 9th before becoming temporarily totally disabled. The Regulation became effective on September 2, 1990. Carter Rhoad did not cease its payment of temporary total benefits until **after** the Regulations were in full force and effect

In any event, the Regulation, being **procedural** in nature, may be applied retroactively. *Jenkins v. Meares*, 302 S.C. 142, 394 S.E. (2d) 317 (1990); *Hercules, Inc. v. S.C. Tax Commission*, 274 S.C. 137, 262 S.E. (2d) 45 (1980) (Changes in procedure applied retroactively, whereas changes creating liability where formerly none existed given prospective application.).