24244

LIBERTY MUTUAL INSURANCE COMPANY, Respondent v. SOUTH CAROLINA SECOND INJURY FUND, Appellant. In re Leroy SMALL, employee v. FRAZIER LAND & TIMBER COMPANY, employer, and Liberty Mutual Insurance Company, carrier.

(458 S.E. (2d) 550)

Supreme Court

*Brooks Shealy*, of *S.C. Second Injury Fund*, Columbia, *for appellant.*

*Pope D. Johnson, III*, of *McCutchen, Blanton, Rhodes & Johnson*, Columbia, *for respondent.*

Heard April 6, 1995.

Decided June 19, 1995.

MOORE, Justice:

This is an appeal from the circuit court's order reversing appellant's (Fund's) decision denying reimbursement to respondent (Liberty). We affirm in part and reverse in part.

## FACTS

Leroy Small, an employee of Frazier Land and Timber Co. (Frazier), was paralyzed by a work-related accident. Small was rendered totally and permanently disabled for worker's compensation purposes.[1] Small had several prior permanent impairments, one of which was diabetes. Small's diabetes aggravated his paralysis causing him to undergo a double amputation. Frazier's workers' compensation insurance carrier, Liberty, sought reimbursement from the Fund.

The Fund refused to reimburse Liberty on the ground Small was rendered totally and permanently disabled by the accident and the prior impairments therefore did not increase Small's disability. The single Commissioner ordered the Fund to reimburse Liberty. The Full Commission and the circuit court affirmed.[2] The Fund appeals.

---

[1] The parties stipulated certain facts including the accident rendered Small totally and permanently disabled notwithstanding the preexisting impairments.

[2] The Commission excluded the medical bills which were incurred in Boston because it found Liberty had not shown these were incurred as a result of Small's diabetes combining with the subsequent accident. Both the Fund and Liberty appealed this decision. The circuit court affirmed the part of the Commission's decision that held Liberty was entitled to reimbursement but reversed the part that held Liberty was not entitled to reimbursement for the Boston medical payments. The Fund conceded below Liberty Mutual was entitled to reimbursement of *all* medical payments if it was entitlted to any reimbursement of medical payments.

## ISSUE

Did the Circuit Court err in determining Liberty was entitled to reimbursement?

## DISCUSSION

S.C.Code § 42-9-400(a)(1985) provides:

> If an employee who has a permanent physical impairment from any cause or origin incurs a subsequent disability from injury by accident arising out of and in the course of his employment, resulting in compensation and medical payments liability *or either*, for disability that is substantially greater, by reason of the combined effects of the preexisting impairment and subsequent injury or by reason of the aggravation of the preexisting impairment, than that which would have resulted from the subsequent impairment alone, the employer or his insurance carrier shall in the first instance pay all awards of compensation and medical benefits provided by this Title; but such employer or his insurance carrier shall be reimbursed from the Second Injury Fund as created by § 42-7-310 for compensation and medical benefits in the following manner . . .

(Emphasis added.)

The Fund argues the circuit court erred in interpreting the language "or either" in this section. The circuit court found "or either" requires the carrier to be liable for greater compensation payments and/or medical payments to be entitled to reimbursement from the Fund. The Fund contends Small must have suffered greater disability for Liberty to receive any reimbursement. We disagree.

The Court's primary function in interpreting a statute is to ascertain the intent of the legislature. *Browning v. Hartvigsen,* 307 S.C. 122, 414 S.E. (2d) 115 (1992). The real purpose of the legislature will prevail over the literal import of the words. *Id.* The purpose of the Fund is to encourage the employment of disabled or handicapped persons without penalizing an employer with greater **liability** if the employee is injured because of his preexisting condition. *Springs Industries v. South Carolina Second Injury Fund,* 296 S.C. 359, 372 S.E. (2d) 915 (Ct. App. 1988).

We hold the circuit court did not err in interpreting this section so that if a carrier incurs greater liability for compensation and/or medical payments, he is entitled to reimbursement of those. Here, Liberty incurred greater medical payments because of Small's diabetes. Liberty, however, did not incur greater compensation payments as the accident rendered Small totally disabled and Small's diabetes did not increase these payments. Therefore, the circuit court erred in ordering reimbursement of the compensation payments. Accordingly, the circuit court's order affirming the Commission is

Affirmed in part and reversed in part.