THIS OPINION HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT
BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING
EXCEPT AS PROVIDED BY RULE 239(d)(2), 
 SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
Carolina Outdoor Development, LLC,       
Appellant,
 
 
 

v.

 
 
 
South Carolina Department of Transportation,       
Respondent.
 
 
 

Appeal From Jasper County
Perry M. Buckner, Circuit Court Judge

Unpublished Opinion No. 2005-UP-072
Submitted January 1, 2005  Filed January 
 26, 2005

AFFIRMED

 
 
 
Darrell T. Johnson, Jr. and Mills Lane Morrison, Jr., both of Hardeeville, for 
 Appellant.
Barbara Munig Wessinger, of Columbia, for Respondent.
 
 
 

PER CURIAM:  Carolina Outdoor Development, 
 LLC (Carolina Outdoor) appeals the circuit court order affirming the denial 
 of three commercial outdoor advertising permits under the South Carolina Highway 
 Advertising Control Act (the Act).  See S.C. Code Ann. 57-25-110710 
 (Supp. 2004). Carolina Outdoor argues substantial evidence does not support 
 the underlying decision, and the court erred in finding no violation of Carolina 
 Outdoors equal protection rights.  We affirm.
FACTS/PROCEDURAL BACKGROUND
In February 2001, Carolina Outdoor applied to the 
 South Carolina Department of Transportation (DOT) for permits needed to erect 
 three commercial outdoor advertising signs on unzoned commercial property Carolina 
 Outdoor owned in the vicinity of Interstate 26 in Calhoun County.  Carolina 
 Outdoor claimed it qualified for the permits because its tenant, Matthews Auto 
 Service [1] , engaged in commercial activity on the subject 
 property.  See S.C. Code Ann. §57-25-140(A)(8) (Supp. 2004) (Permitting 
 certain outdoor advertising signs on unzoned commercial or industrial areas 
 along interstate or federal-aid primary highways).  DOT denied the permits, 
 relying on an exception for businesses engaged in activities not visible from 
 the main traveled way.  See S.C. Code Ann. §57-25-120(5)(f) (Supp. 2004).  
 Specifically, it found that Matthews Auto Services business activities were 
 not visible from the main traveled way except to a partial extent in fall 
 and winter months when leaves had fallen from trees located between Matthews 
 Auto Service and Interstate 26.
Carolina Outdoor appealed to the South Carolina 
 Administrative Law Court (ALC) [2] 
 , which conducted a hearing in May 2001.  In August 2001, the ALC affirmed 
 the DOTs decision in a written order.  Carolina Outdoor then appealed to the 
 circuit court, which conducted a hearing and subsequently affirmed the ALCs 
 order.  The circuit court denied Carolina Outdoors Rule 59(e) motion for reconsideration.  
 This appeal followed.
SCOPE OF REVIEW
This court must affirm an administrative agencys 
 decision if the decision is supported by substantial evidence and we may not 
 substitute our judgment for that of the agency upon questions for which there 
 is room for difference of intelligent opinion.  Smith v. Newberry County 
 Tax Assessor, 350 S.C. 572, 577-78, 567 S.E.2d 501, 504 (Ct. App. 2002).  
 Substantial evidence is not a mere scintilla of evidence, but evidence which, 
 considering the record as a whole, would allow reasonable minds to reach the 
 conclusion the agency reached.  Id. at 578, 567 S.E.2d at 504 (quoting 
 Grayson v. Carter Rhoad Furniture, 317 S.C. 306, 309, 454 S.E.2d 320, 
 321 (1995)).
DISCUSSION
I.       Visibility 
Carolina Outdoor first argues that substantial 
 evidence does not exist to support a finding that Matthews Auto Service was 
 unqualified to receive commercial outdoor advertising permits because it engaged 
 in activities not visible from the main traveled way.  We disagree.
The Act regulates the erection and maintenance 
 of outdoor advertising signs adjacent to the interstate and federal-aid primary 
 [highway] systems in South Carolina.  Daisy Outdoor Adver. Co. v. South 
 Carolina Dept of Transp., 352 S.C. 113, 117, 572 S.E.2d 462, 464 (Ct. App. 
 2002).  The Act limits the placement of commercial outdoor advertising signs 
 to specific areas, including unzoned commercial areas.  Id. at 117, 
 572 S.E.2d at 465.  Business activities that do not qualify property as an unzoned 
 commercial area includes activities not visible from the main traveled way.  
 See S.C. Code Ann. §57-25-210(5)(f) (Supp. 2003).   DOT regulations define 
 visible as capable of being seen, and readily recognized as a sign or commercial 
 or industrial activity by a person of normal visual acuity.  25A S.C. Code 
 Ann. Regs. 63-342(HH) (Supp. 2004);  U.S. Outdoor Advertising, Inc. v. South 
 Carolina Dept of Transp., 324 S.C. 1, 3, 481 S.E.2d 112, 113 (1997).
Here, Carolina Outdoors argument essentially 
 hinges on whether Matthews Auto Service was capable of being seen from Interstate 
 26 and readily recognized [as a commercial activity] by a person of normal 
 visual acuity.  The ALC concluded that this condition was not sufficiently 
 established.  It was noted, however, that the location was partially visible 
 during the colder months when foliage had fallen from trees located between 
 Matthews Auto Service and Interstate 26.  It was determined, therefore, that 
 Matthews Auto Service was not visible within the meaning of the Act, and thus 
 unqualified for the permits Carolina Outdoor sought.  We agree for the reasons 
 articulated in the ALCs detailed and well-reasoned order, which we adopt and 
 incorporate by reference herein.  
II.      Equal Protection Violation
Carolina Outdoor also argues that denial 
 of the permits violated its equal protection rights under the Fourteenth Amendment 
 to the United States Constitution because permits were granted to others where 
 the qualifying business [was] equally or less visible and identifiable than 
 Matthews Auto Service.  However, Carolina Outdoor fails to provide any specific 
 examples of businesses located on similar sites that were treated differently.  
 Thus, we find that Carolina Outdoor failed to meet its burden of proof with 
 respect to this issue.  See 25A S.C. Code Ann. Regs. 63-349(M) (Supp. 
 2004) (The applicant shall bear the burden of showing that [DOT] should issue 
 the permit.).
AFFIRMED. 
HUFF, KITTREDGE, and BEATTY, JJ., concur.

 
 
 [1]        The name Matthews is spelled differently in many places 
 in the record.  Because Matthews appears in Carolina Outdoors permit applications, 
 we adopt this spelling.

 
 
 [2]        At the time, the ALC was named the South Carolina Administrative 
 Law Judge Division.