762 S.E.2d 19

STATE ACCIDENT FUND, Appellant,

v.

SOUTH CAROLINA SECOND INJURY FUND, Respondent,

In re Johnny M. Adger, Employee,

v.

City of Manning, Employer,

and

State Accident Fund, Carrier.

Appellate Case No. 2012–212722.

No. 27424.

Supreme Court of South Carolina.

Heard Feb. 6, 2014.

Decided July 30, 2014.

F. Earl Ellis, Jr., of Adams and Reese, LLP, of Columbia, for Appellant.

Latonya Dilligard Edwards, of Dilligard Edwards, LLC, of Columbia, for Respondent.

Chief Justice TOAL.

The State Accident Fund (Appellant) appeals an order from the Appellate Panel of the South Carolina Workers' Compensation Commission (the Commission) denying Appellant's request for reimbursement from the South Carolina Second Injury Fund (Respondent) for benefits paid to Johnny Adger (Claimant), who suffered from preexisting diabetes when a work-related injury occurred. We reverse and remand.

### FACTS/PROCEDURAL BACKGROUND

Claimant suffered an accidental injury to his left knee on August 17, 2007, while working as a police officer with the Manning Police Department. As a result, Claimant was treated using various non-operative methods, including steroid injections. In January 2008, Claimant reached maximum medical improvement (MMI) and was assigned a 32% permanent impairment rating to his lower left extremity. However, in April 2008, Claimant returned to the doctor because he continued to experience swelling and pain in his left knee. Ultimately, Claimant underwent knee replacement surgery. Claimant continued to experience swelling and pain in his left

knee, and Claimant followed up with the orthopaedic center for several months after the surgery.

At the time of his injury, Claimant suffered from preexisting diabetes, which Claimant's employer was aware of prior to the injury. Claimant experienced problems with his diabetes for years before the accident and required medication to control the condition.[1] Claimant's diabetes was medically controlled around the time of the injury; however, Claimant's diabetes was uncontrolled on several occasions during the course of his knee treatment.

Claimant's primary care physician, Dr. William Aldrich, opined that Claimant's injury "most probably aggravate[d] the diabetes" and resulted in "substantially greater medical costs" than would have occurred from the injury alone. However, in Dr. Aldrich's opinion, the aggravation of Claimant's diabetes "most probably" did not result in "substantially greater time lost from work" or "substantially greater disability" than would have occurred from the injury alone.

The workers' compensation carrier, Appellant, filed a claim for partial reimbursement from Respondent, alleging that it incurred substantially greater liability for compensation benefits and medical benefits because Claimant's preexisting diabetes was aggravated by his work-related injury. Respondent denied that the claim met the requirements of the statute governing reimbursement. *See* S.C.Code Ann. § 42–9–400 (Supp.2013).[2]

South Carolina Workers' Compensation Commissioner T. Scott Beck (the Single Commissioner) held a hearing on this matter on September 27, 2011. Thereafter, the Single Commissioner filed an order denying Appellant's claim for reimbursement and dismissing the claim with prejudice. The

---

1. For example, Claimant suffered tingling in his right foot which only subsided after removing his shoe. In addition, Claimant was prescribed shoes made especially for diabetics.

2. Subject to detailed provisions of the statute, section 42–9–400 provides that if an employee with a permanent physical impairment suffers a subsequent injury by accident arising out of and in the course of his employment, the Second Injury Fund must reimburse the employer or his insurance carrier for compensation and medical benefits. S.C.Code Ann. § 42–9–400.

Single Commissioner concluded that Appellant "had the burden to prove that Claimant's preexisting diabetes was permanent and serious enough to constitute a hindrance or obstacle to Claimant's employment," but also found that "the evidence in the record rebuts the presumption that Claimant's diabetes was a hindrance to his employment." In addition, the Single Commissioner determined that Appellant did not prove that "Claimant's preexisting diabetes created substantially greater lost time from work and permanent disability than would have resulted from the work injury alone" based upon his findings that "[t]he evidence in the record does not indicate a fluctuation in blood sugars, a modification in diabetic medication or delayed post-surgical healing" and that "the medical records reveal that Claimant was written out of work for only three (3) days immediately after the work injury." Therefore, the Single Commissioner denied Appellant's claim for reimbursement, concluding that it did not meet the standard of reimbursement in section 42–9–400.

On appeal, the Commission affirmed the Single Commissioner's order in its entirety.[3] Appellant appealed the Commission's order to the court of appeals. This Court certified the appeal pursuant to Rule 204(b), SCACR.

## ISSUE

Whether the Commission erred in denying Appellant's claim for reimbursement for Claimant's medical payments under section 42–9–400?[4]

## STANDARD OF REVIEW

■ The South Carolina Administrative Procedures Act (the APA) sets forth the standard for judicial review of decisions by the Commission. *See* S.C.Code Ann. § 1–23–380 (Supp.2012); *Grant v. Grant Textiles,* 372 S.C. 196, 200, 641

---

3. One commissioner dissented, asserting that she would find the evidence did not rebut the presumption that Claimant's diabetes was a hindrance or obstacle to employment and that instead, the evidence supported the conclusion that Claimant's injury aggravated his diabetes and resulted in increased medical costs.

4. Appellant does not challenge the Commission's decision to deny reimbursement for Claimant's compensation benefits.

S.E.2d 869, 871 (2007); *Lark v. Bi–Lo*, 276 S.C. 130, 136, 276 S.E.2d 304, 307 (1981). Although the Court may not substitute its judgment for the judgment of the agency as to the weight of the evidence on questions of fact, the Court may reverse a decision of the Commission if it is affected by an error of law or is clearly erroneous in view of the substantial evidence on the record as a whole. S.C.Code Ann. § 1–23–380. The Court may find the Commission's findings clearly erroneous if they are based on a mistaken view of the evidence. *Grayson v. Carter Rhoad Furniture*, 312 S.C. 250, 252, 439 S.E.2d 859, 860 (Ct.App.1993).

### Law/Analysis

The Second Injury Fund was established in 1972 to encourage employers to hire disabled or handicapped persons. *Liberty Mut. Ins. Co. v. S.C. Second Injury Fund*, 318 S.C. 516, 518, 458 S.E.2d 550, 551 (1995); *Springs Indus. v. S.C. Second Injury Fund*, 296 S.C. 359, 361, 372 S.E.2d 915, 916 (Ct.App. 1988). If a disabled or handicapped employee's work-related injury results in the award of workers' compensation benefits, the employer is entitled to partial reimbursement if it satisfies the statutory requirements of section 42–9–400. *Springs Indus.*, 296 S.C. at 361, 372 S.E.2d at 916. Therefore, the Second Injury Fund serves to fully compensate disabled employees for work-related injuries without penalizing an employer if the employer is subject to greater liability because of the employee's preexisting condition. *Liberty Mut.*, 318 S.C. at 518, 458 S.E.2d at 551; *Springs Indus.*, 296 S.C. at 361, 372 S.E.2d at 916.

Section 42–9–400(a) of the South Carolina Code provides:

If an employee who has a permanent physical impairment from any cause or origin incurs a subsequent disability from injury by accident arising out of and in the course of his employment resulting in compensation and medical payments liability or either, for disability that is substantially greater and is caused by aggravation of the preexisting impairment than that which would have resulted from the subsequent injury alone, the employer or his insurance carrier shall pay all awards of compensation and medical benefits provided by this title; but such employer or his

insurance carrier shall be reimbursed from the Second Injury Fund ... for compensation and medical benefits....

S.C.Code Ann. § 42–9–400(a).

"[P]ermanent physical impairment" is defined as a "permanent condition, whether congenital or due to injury or disease, of such seriousness as to constitute a hindrance or obstacle to obtaining employment or to obtaining reemployment if the employee should become unemployed." *Id.* § 42–9–400(d). When an employer establishes prior knowledge of the employee's permanent condition, "then *there shall be a presumption* that the condition is permanent and that a hindrance or obstacle to employment or reemployment exists," but only if the condition is one of thirty-two conditions listed in the statute. *Id.* (emphasis added). Diabetes is one such condition. *Id.* § 42–9–400(d)(2).

## I. *Presumption Under Section 42-9-400(d)*

First, Appellant argues that the Commission erred by incorrectly applying the presumption found in section 42–9–400(d). In its findings of fact, the Commission stated that "[t]hough [Appellant] is entitled to a presumption that Claimant's preexisting diabetes was a hindrance to employment, the medical evidence in the record rebuts this presumption." However, inconsistent with this finding of fact, the Commission stated in its conclusions of law that "[t]o qualify for reimbursement, [Appellant] had the burden to prove that Claimant's preexisting diabetes was permanent and serious enough to constitute a hindrance or obstacle to Claimant's employment." Appellant further contends that the Commission erred in concluding that Appellant had the burden of proof because it was entitled to a presumption that Claimant's preexisting diabetes constituted a "permanent physical impairment." We agree.

A presumption is a "legal inference or assumption that a fact exists, based on the known or proven existence of some other fact or group of facts." *Black's Law Dictionary* 1304 (9th ed.2009). "A presumption shifts the burden of production or persuasion to the opposing party, who can then attempt to overcome the presumption." *Id.* Appellant presented facts sufficient to support the application of the presumption under section 42–9–400(d).

■ Therefore, we find that Appellant was entitled to a presumption that Claimant's diabetes was permanent and constituted a hindrance or obstacle to his employment or reemployment. Because the Commission's order incorrectly sets forth the burden of proof in its law section, we hold that the Commission's order is erroneous as a matter of law. *See* S.C.Code Ann. § 1–23–280 (providing that the Court may reverse a decision of the Commission if it is affected by an error of law).

## II. Rebuttal of the Presumption

Because Appellant was entitled to the presumption, the burden to rebut the presumption then shifted to Respondent. The Commission concluded that "the evidence in the record rebutted the presumption that Claimant's preexisting diabetes was a hindrance to his employment." Therefore, we must determine whether Respondent, in fact, presented evidence which rebutted the presumption.

■ Appellant argues that the Commission erred in concluding that Respondent rebutted the presumption provided under section 42–9–400(d). We agree.

When a presumption shifts the burden of production to the opposing party, that party must present substantial evidence in order to rebut the presumption. *See* 100A C.J.S. *Workers' Compensation* § 1029 (2014) ("Because a fact must be proved with substantial evidence in a workers' compensation proceeding, a rebuttable presumption must be met with substantial evidence.").

■ In deciding whether there was evidence to rebut the presumption that the Claimant suffered a "permanent physical impairment," the Commission focused on medical evidence indicating that prior to the injury, Claimant's diabetes was medically managed and was not uncontrolled or problematic. The Commission relied on this evidence in discussing whether Claimant's preexisting diabetes was a hindrance to Claimant's employment at the time of his injury, *not* whether it was a hindrance to *obtaining* employment, as the statute requires. *See* S.C.Code Ann. § 42–9–400(d) (defining "permanent physical impairment" as a permanent condition constituting "a hindrance or obstacle to *obtaining* employment or to obtaining

reemployment if the employee should become unemployed" (emphasis added)); *Springs Indus.*, 296 S.C. at 362, 363–64, 372 S.E.2d at 917 (concluding that an employee's chronic cough and breathing difficulties caused by exposure to cotton dust would be a hindrance to obtaining employment); *see also State v. Scott*, 351 S.C. 584, 588, 571 S.E.2d 700, 702 (2002) ("What a legislature says in the text of a statute is considered the best evidence of the legislative intent or will." (citation omitted)).

The Commission also relied on medical evidence suggesting that post-surgery, Claimant's diabetes was successfully managed with medication and that his left knee was responding well to treatment. This view of the evidence fails to consider the substantial evidence in the record indicating the significant symptoms and problems Claimant experienced after his work-related injury. According to the medical records, Claimant's diabetes caused tingling in his foot which did not subside until he removed his shoe, and Claimant required special shoes and medication to control his diabetes. The evidence in the record actually *supports* the presumption that Claimant's diabetes constituted a hindrance or obstacle to obtaining employment or reemployment as a police officer. Accordingly, the Commission's conclusion that the evidence rebutted the presumption is clearly erroneous in view of the substantial evidence on the record. *See* S.C.Code Ann. § 1–23–380 (providing that the Court may reverse a decision of the Commission if it is clearly erroneous in view of the substantial evidence on the record as a whole).

### III. Increased Medical Costs

█ Finally, Appellant argues it satisfied section 42–9–400 by proving that the aggravation of Claimant's preexisting diabetes resulted in substantially increased medical costs, and therefore, the Commission erred in denying Appellant reimbursement under section 42–9–400(a). We agree.

Section 42–9–400(a) provides that the Second Injury Fund must reimburse a carrier for medical payments when an employee with a preexisting condition incurs a subsequent disability from a work-related injury "resulting in compensation and medical payments liability, or either, for disability

that is substantially greater and is caused by aggravation of the preexisting impairment than that which would have resulted from the subsequent injury alone...." S.C.Code Ann. § 42–9–400(a). Subsection (a)(2) specifies the details of reimbursement of medical payments, stating that "an employer or carrier must establish that his *liability for medical payments is substantially greater by reason of the aggravation of the preexisting impairment* than that which would have resulted from the subsequent injury alone." S.C.Code Ann. § 42–9–400(a)(2) (emphasis added).

In conforming to the purpose of the Second Injury Fund, section 42–9–400(a) provides for reimbursement from the Second Injury Fund when—subsequent to a work-related injury—the aggravation of a preexisting permanent impairment causes substantially greater liability for compensation *or* medical payments than would have resulted from the work-related injury alone. *See* S.C.Code Ann. § 42–9–400(a); *Liberty Mut.*, 318 S.C. at 519, 458 S.E.2d at 551–52.

Section 42–9–400 provides for reimbursement of medical payments even when there is not increased liability for compensation. *See* S.C.Code Ann. § 42–9–400(a); *Liberty Mut.*, 318 S.C. at 519, 458 S.E.2d at 551–52. In *Liberty Mutual,* we held that a carrier was entitled to reimbursement for medical payments where the carrier was liable for greater medical payments—but not greater compensation payments—because of an employee's preexisting diabetes. 318 S.C. at 519, 458 S.E.2d at 551. The employee was paralyzed by a work-related accident and was rendered totally and permanently disabled for workers' compensation purposes. *Id.* at 517, 458 S.E.2d at 551. The employee's preexisting diabetes aggravated his paralysis, causing him to undergo a double amputation. *Id.* The Second Injury Fund argued that section 42–9–400(a) required the employee to suffer greater *disability,* in addition to increased medical payments, for the carrier to receive any reimbursement. *Id.* at 518, 458 S.E.2d at 551. Although we found that the carrier was not entitled to reimbursement of compensation payments because the accident rendered the employee totally disabled and thus the employee's diabetes did not increase the compensation payments, we held that the carrier incurred greater liability for the employee's medical payments because of the diabetes, and was therefore entitled

to reimbursement for medical payments under section 42–9–400. *Id.* at 519, 458 S.E.2d at 551–52.

■ The Commission denied Appellant's claim for reimbursement in full. Without mentioning medical payments, the Commission stated that "Claimant's preexisting diabetes did not create substantially greater liability for permanent disability nor did it result in substantially greater lost time from work." However, these facts fall under the compensation liability prong of the statute. In its order, the Commission ignored Dr. Aldrich's expert opinion that Claimant's injury most probably aggravated his diabetes and resulted in substantially greater medical costs than would have resulted from his work-related injury alone. Respondent presented no evidence or expert opinion that contradicted Dr. Aldrich's statement concerning medical costs. Therefore, based on the fact that the medical evidence supports the conclusion that the Claimant's work-related injury aggravated his diabetes and resulted in increased medical costs, we hold that Appellant satisfied the requirements of section 42–9–400(a), and the Commission's decision to deny Appellant's claim for reimbursement of medical payments is clearly erroneous based on the evidence.[5]

## CONCLUSION

For the foregoing reasons, the Commission's decision denying Appellant reimbursement for Claimant's medical payments is reversed and remanded for the Commission to determine the amount of reimbursement to which Appellant is entitled.

**REVERSED AND REMANDED.**

KITTREDGE, HEARN, JJ., and Acting Justice JAMES E. MOORE, concur.

PLEICONES, J., concurring in result only.

---

5. Although Dr. Aldrich opined that aggravation of Claimant's diabetes most probably did not result in substantially greater time lost from work or substantially greater disability than would have occurred from the injury alone, reimbursement for increased medical payments is an important aspect of the Second Injury Fund and section 42–9–400, regardless of a preexisting condition's effect on compensation payments. *See Liberty Mut.,* 318 S.C. at 519, 458 S.E.2d at 551–52.