**THIS OPINION HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE
CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING
EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Sean Daley, Employee-Claimant, Appellant,

v.

Chapman Mechanical, LLC, Employer, and Stonewood
Insurance Company, Carrier, Respondents.

Appellate Case No. 2013-001499

---

Appeal From The Workers' Compensation Commission

---

Unpublished Opinion No. 2015-UP-082
Submitted December 1, 2014 – Filed February 25, 2015

---

**AFFIRMED**

---

Jeffrey Dean Ezell, of Ezell Law Firm, LLC, of
Greenville, for Appellant.

Steven Michael Rudisill, of Rudisill, White & Kaplan,
PLLC, of Charlotte, NC, for Respondents.

---

**PER CURIAM:**  Sean Daley appeals the decision of the Appellate Panel of the
Workers' Compensation Commission (the Appellate Panel).  He argues the
Appellate Panel erred in finding (1) he did not suffer a psychological injury; (2) he
suffered from preexisting back problems; and (3) he suffered only a single

scheduled injury to his back and was not permanently and totally disabled. Because substantial evidence supports the Appellate Panel's decision, we affirm pursuant to Rule 220(b), SCACR, and the following authorities: *State Accident Fund v. S.C. Second Injury Fund*, 409 S.C. 240, 244, 762 S.E.2d 19, 21 (2014) (citing S.C. Code Ann. § 1-23-380 (Supp. 2012) and stating the South Carolina Administrative Procedures Act governs appeals from decisions of the Appellate Panel); *Hutson v. S.C. State Ports Auth.*, 399 S.C. 381, 387, 732 S.E.2d 500, 503 (2012) ("Under this standard, we can reverse or modify the decision only if the claimant's substantial rights have been prejudiced because the decision is affected by an error of law or is clearly erroneous in view of the reliable, probative, and substantial evidence on the whole record."); *Shealy v. Aiken Cnty.*, 341 S.C. 448, 455, 535 S.E.2d 438, 442 (2000) ("Substantial evidence is not a mere scintilla of evidence nor evidence viewed from one side, but such evidence, when the whole record is considered, as would allow reasonable minds to reach the conclusion the [Appellate Panel] reached."); *Hill v. Eagle Motor Lines*, 373 S.C. 422, 436, 645 S.E.2d 424, 431 (2007) ("The possibility of drawing two inconsistent conclusions from the evidence does not prevent the [Appellate Panel]'s finding from being supported by substantial evidence."); *Potter v. Spartanburg Sch. Dist. 7*, 395 S.C. 17, 22, 716 S.E.2d 123, 126 (Ct. App. 2011) (stating the Appellate Panel is the ultimate finder of fact in workers' compensation cases, and "is reserved the task of assessing the credibility of the witnesses and the weight to be accorded evidence"); *Langdale v. Carpets*, 395 S.C. 194, 203, 717 S.E.2d 80, 84 (Ct. App. 2011) ("Where there are conflicts in the evidence over a factual issue, the findings of the Appellate Panel are conclusive.").

**AFFIRMED.**[1]

**FEW, C.J., and THOMAS and LOCKEMY, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.