**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Gertrude Shiver, Appellant,

v.

Palmetto Health Richland, Employer, Key Risk Management Services, Inc., TPA, Palmetto Hospital Trust Services, Carrier, Trident Regional Medical Center, Employer, and Zurich American Insurance Company, Carrier, Respondents.

Appellate Case No. 2013-000887

_____

Appeal From Richland County
Alison Renee Lee, Circuit Court Judge

_____

Unpublished Opinion No. 2017-UP-066
Submitted December 1, 2016 – Filed February 1, 2017

_____

**AFFIRMED**

_____

Gertrude Shiver, of Gadsden, pro se.

Allison Molony Carter, of Willson Jones Carter & Baxley, P.A., of Mount Pleasant, for Respondents Trident Regional Medical Center and Zurich American Insurance Company.

Michael E. Chase and Carmelo Barone Sammataro, both of Turner Padget Graham & Laney, PA, of Columbia, for Respondents Palmetto Health Richland and Key Risk Management Services, Inc.

Lana H. Sims, Jr., of Adams and Reese LLP, of Columbia, for Respondents Palmetto Health Richland and Palmetto Hospital Trust Services.

---

**PER CURIAM:**  Gertrude Shiver, pro se, appeals the circuit court's order, which affirmed the Appellate Panel of the South Carolina Workers' Compensation Commission (the Appellate Panel).  On appeal, Shiver argues the circuit court erred in affirming the Appellate Panel's (1) denial of leave to submit additional evidence, (2) decision to rule on the merits of her claims without a hearing and oral argument, (3) conclusion that she was bound by a consent order, and (4) determination that the denial of benefits in each of her seven individual workers' compensation claims[1] was supported by substantial evidence.  We affirm[2] pursuant to Rule 220(b), SCACR, and the following authorities:

1.  The circuit court did not err in affirming the Appellate Panel's denial of leave to submit additional evidence.  *See* 8 S.C. Code Ann. Regs. 67-707(A) (2012) ("When additional evidence is necessary for the completion of the record in a case on review[,] the Commission may, in its discretion, order such evidence taken before a Commissioner."); 8 S.C. Code Ann. Regs. 67-707(C) (2012) ("The moving party must establish the new evidence is of the same nature and character required for granting a new trial and show: (1) The evidence sought to be introduced is not evidence of a cumulative or impeaching character but would likely have produced a different result had the evidence been procurable at the first hearing; and (2) The evidence was not known to the moving party at the time of the first hearing, by reasonable diligence the new evidence could not have been secured, and the discovery of the new evidence is being brought to the attention of the Commission immediately upon its discovery.").

---

[1] The following Workers' Compensation Commission Claim Numbers were considered: 9503744, 0126962, 0217755, 0227098, 0322274, 0321756, and 0616756.
[2] We decide this case without oral argument pursuant to Rule 215, SCACR.

2.  The circuit court did not err in affirming the Appellate Panel's decision to rule on the merits of Shiver's claims without a hearing and oral argument.  *See* 8 S.C. Code Ann. Regs. 67-701(A) (2012) ("Either party or both may request [Appellate Panel] review of the Hearing Commissioner's decision by filing the original and three copies of a Form 30, Request for Commission Review, with the Commission's Judicial Department within fourteen days of the day the Commissioner's order is received."); § 67-701(A)(4)(a) ("If the space provided on the Form 30 requesting oral argument is not marked, oral argument is waived.  The [Appellate Panel] will review the Commissioner's decision on the record without oral argument.").

Shiver's argument that the Commission erred in consolidating her seven claims is not preserved for appellate review.  *See Smith v. NCCI, Inc.*, 369 S.C. 236, 247-48, 631 S.E.2d 268, 274 (Ct. App. 2006) ("When a trial court does not explicitly rule on an argument raised, and the appellant makes no Rule 59(e), SCRCP, motion to obtain a ruling, the appellate court may not address the issue.").

3.  The circuit court did not err in affirming the Appellate Panel's conclusion that Shiver was bound by the consent order.  *See State Acc. Fund v. S.C. Second Injury Fund*, 409 S.C. 240, 244, 762 S.E.2d 19, 21 (2014) ("The South Carolina Administrative Procedures Act (the APA) sets forth the standard for judicial review of decisions by the Commission." (citing S.C. Code Ann. § 1-23-380 (Supp. 2016))); *Hutson v. S.C. State Ports Auth.*, 399 S.C. 381, 387, 732 S.E.2d 500, 503 (2012) ("Under this standard, we can reverse or modify the decision only if the claimant's substantial rights have been prejudiced because the decision is affected by an error of law or is clearly erroneous in view of the reliable, probative, and substantial evidence on the whole record."); *Shealy v. Aiken Cty.*, 341 S.C. 448, 455, 535 S.E.2d 438, 442 (2000) ("Substantial evidence is not a mere scintilla of evidence nor evidence viewed from one side, but such evidence, when the whole record is considered, as would allow reasonable minds to reach the conclusion the [Appellate Panel] reached."); *Hill v. Eagle Motor Lines*, 373 S.C. 422, 436, 645 S.E.2d 424, 431 (2007) ("The possibility of drawing two inconsistent conclusions from the evidence does not prevent the [Appellate Panel's] finding from being supported by substantial evidence.").

Shiver's argument that the consent order was invalid because of coercion is without merit.  *See Coercion*, Black's Law Dictionary (10th ed. 2014) (defining coercion as "[c]ompulsion of a free agent by physical, moral, or economic force or threat of physical force").  Shiver's argument that the consent order was invalid because of undue influence is without merit.  *See Undue Influence*, Black's Law Dictionary

(10th ed. 2014) (defining undue influence as "[t]he improper use of power or trust in a way that deprives a person of free will and substitutes another's objective; the exercise of enough control over another person that a questioned act by this person would not have otherwise been performed, the person's free agency having been overmastered").  Finally, Shiver's argument that the consent order was unconscionable is also without merit.  *See Simpson v. MSA of Myrtle Beach, Inc.*, 373 S.C. 14, 24-25, 644 S.E.2d 663, 668 (2007) ("In South Carolina, unconscionability is defined as the absence of meaningful choice on the part of one party due to one-sided contract provisions, together with terms that are so oppressive that no reasonable person would make them and no fair and honest person would accept them."); *id.* at 225, 644 S.E.2d at 668 ("If a court as a matter of law finds any clause of a contract to have been unconscionable at the time it was made, the court may refuse to enforce the unconscionable clause, or so limit its application so as to avoid any unconscionable result.").[3]

4.  The circuit court did not err in affirming the Appellate Panel's determination that the denial of benefits in each of her seven individual workers' compensation claims was supported by substantial evidence.  *See State Acc. Fund*, 409 S.C. at 244, 762 S.E.2d at 21 ("The South Carolina Administrative Procedures Act (the APA) sets forth the standard for judicial review of decisions by the Commission." (citing § 1-23-380)); *Hutson*, 399 S.C. at 387, 732 S.E.2d at 503 ("Under this standard, we can reverse or modify the decision only if the claimant's substantial rights have been prejudiced because the decision is affected by an error of law or is clearly erroneous in view of the reliable, probative, and substantial evidence on the whole record."); *Shealy*, 341 S.C. at 455, 535 S.E.2d at 442 ("Substantial evidence is not a mere scintilla of evidence nor evidence viewed from one side, but such evidence, when the whole record is considered, as would allow reasonable minds to reach the conclusion the [Appellate Panel] reached."); *Hill*, 373 S.C. at 436, 645 S.E.2d at 431 ("The possibility of drawing two inconsistent conclusions from the evidence does not prevent the [Appellate Panel's] finding from being supported by substantial evidence."); *Kennedy v. Williamsburg Cty.*, 242 S.C. 477, 480, 131

---

[3] We find Shiver's argument challenging the subject matter jurisdiction and personal jurisdiction of the Workers' Compensation Commission to issue the consent order to be abandoned.  *See Glasscock, Inc. v. U.S. Fid. & Guar. Co.*, 348 S.C. 76, 81, 557 S.E.2d 689, 691 (Ct. App. 2001) ("South Carolina law clearly states that short, conclusory statements made without supporting authority are deemed abandoned on appeal and therefore not presented for review.").  Nevertheless, we find no merit in Shiver's challenge to the subject matter jurisdiction and personal jurisdiction of the Workers' Compensation Commission.

S.E.2d 512, 513 (1963) ("[T]he burden [of proof] is upon the claimant to prove such facts as will render his [or her] injury compensable within the provisions of the [Workers'] Compensation Act, and such award must not be based on surmise, conjecture or speculation.").

**AFFIRMED.**

**HUFF and SHORT, JJ., and MOORE, A.J., concur.**