**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

William F. Poston, Claimant, Appellant,

v.

Randstad North America, Employer, and Indemnity
Insurance Co. of N.A., Carrier, Respondents.

Appellate Case No. 2016-001510

―――――――――――

Appeal From The Workers' Compensation Commission

―――――――――――

Unpublished Opinion No. 2018-UP-190
Submitted April 1, 2018 – Filed May 9, 2018

―――――――――――

**AFFIRMED**

―――――――――――

Stephen J. Wukela, of Wukela Law Office, of Florence,
for Appellant.

Garth Hinsdale White, of Rudisill White & Kaplan,
PLLC, of Charlotte, North Carolina, for Respondents.

―――――――――――

**PER CURIAM:** Affirmed pursuant to Rule 220(b), SCACR, and the following authorities: *State Accident Fund v. S.C. Second Injury Fund*, 409 S.C. 240, 245, 762 S.E.2d 19, 21 (2014) ("Although the [c]ourt may not substitute its judgment for the judgment of the agency as to the weight of the evidence on questions of

fact, the [c]ourt may reverse a decision of the [Appellate Panel] if it is affected by an error of law or is clearly erroneous in view of the substantial evidence on the record as a whole."); *Fishburne v. ATI Sys. Int'l*, 384 S.C. 76, 85, 681 S.E.2d 595, 599 (Ct. App. 2009) ("The Appellate Panel's decision must be affirmed if supported by substantial evidence in the record."); *Shealy v. Aiken Cty.*, 341 S.C. 448, 455, 535 S.E.2d 438, 442 (2000) ("Substantial evidence is not a mere scintilla of evidence nor evidence viewed from one side, but such evidence, when the whole record is considered, as would allow reasonable minds to reach the conclusion the [Appellate Panel] reached."); *Potter v. Spartanburg Sch. Dist. 7*, 395 S.C. 17, 22, 716 S.E.2d 123, 126 (Ct. App. 2011) ("In workers' compensation cases, the Appellate Panel is the ultimate fact finder."); *Langdale v. Carpets*, 395 S.C. 194, 200, 717 S.E.2d 80, 83 (Ct. App. 2011) ("Where the evidence is conflicting over a factual issue, the findings of the Appellate Panel are conclusive."); *Pack v. S.C. Dep't of Transp.*, 381 S.C. 526, 536, 673 S.E.2d 461, 466-67 (Ct. App. 2009) ("The [Appellate Panel] need not accept or believe medical or other expert testimony, even when it is unanimous, uncontroverted, or uncontradicted."); *Fishburne*, 384 S.C. at 85, 681 S.E.2d at 600 ("[T]he possibility of drawing two inconsistent conclusions from the evidence does not prevent an administrative agency's finding from being supported by substantial evidence." (alteration by court) (quoting *Palmetto All., Inc. v. S.C. Pub. Serv. Comm'n*, 282 S.C. 430, 432, 319 S.E.2d 695, 696 (1984))); S.C. Code Ann. § 42-11-10(A) (2015) ("'Occupational disease' means a disease arising out of and in the course of employment that is due to hazards in excess of those ordinarily incident to employment and is peculiar to the occupation in which the employee is engaged. A disease is considered an occupational disease only if caused by a hazard recognized as peculiar to a particular trade, process, occupation, or employment as a direct result of continuous exposure to the normal working conditions of that particular trade, process, occupation, or employment. In a claim for an occupational disease, the employee shall establish that the occupational disease arose directly and naturally from exposure in this [s]tate to the hazards peculiar to the particular employment by a preponderance of the evidence."); *Muir v. C.R. Bard, Inc.*, 336 S.C. 266, 283, 519 S.E.2d 583, 591-92 (Ct. App. 1999) ("A claimant must prove the following six elements in order to receive Workers' Compensation benefits for having contracted an occupational disease: (1) a disease; (2) the disease must arise out of and in the course of the claimant's employment; (3) the disease must be due to hazards in excess of those hazards that are ordinarily incident to employment; (4) the disease must be peculiar to the occupation in which the claimant was engaged; (5) the hazard causing the disease must be one recognized as peculiar to a particular trade, process, occupation, or employment; and (6) the disease must directly result from the claimant's continuous exposure to the normal working conditions of the

particular trade, process, occupation, or employment."); *Clade v. Champion Labs.*, 330 S.C. 8, 11, 496 S.E.2d 856, 857 (1998) ("The claimant has the burden of proving facts that will bring the injury within the workers' compensation law, and such award must not be based on surmise, conjecture[,] or speculation.").

**AFFIRMED.**[1]

**LOCKEMY, C.J., and WILLIAMS and KONDUROS, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.