717 S.E.2d 80

David LANGDALE, Employee/Claimant, Respondent,

v.

Harris CARPETS and Gevity/Staff Leasing, Employers, and American Home Assurance, c/o AIG, Alleged Carrier, and S.C. Uninsured Employers' Fund, Defendants,

Of whom, Harris Carpets is, Respondent,

and

Gevity/Staff Leasing, Employers, and American Home Assurance, c/o AIG, Alleged Carrier are, Appellants.

No. 4853.

Court of Appeals of South Carolina.

Submitted Feb. 1, 2011.

Decided July 20, 2011.

G.D. "Doc" Morgan, Jr. and Amanda L.C. Bradley, both of Columbia, for Appellants.

Jeffrey Dean Ezell, of Greenville and Steven M. Krause, of Anderson; for Respondents.

WILLIAMS, J.

Gevity/Staff Leasing and its carrier, American Home Assurance, c/o AIG (collectively "Gevity"), appeal the appellate panel of the Workers' Compensation Commission's ("Appellate Panel") order affirming the Workers' Compensation single commissioner's ("single commissioner") award of temporary total disability benefits to David Langdale ("Langdale"). Gevity argues the Appellate Panel erred in affirming the single commissioner's: (1) finding Harris Carpets acted as an agent for Gevity by withholding premiums from Langdale's paycheck; (2) finding the manager of Harris Carpets advised Gevity that Langdale was to be covered under its workers' compensation policy; (3) finding liability should be placed on Gevity as opposed to Harris Carpets and/or the South Carolina Uninsured Employers' Fund to provide workers' compensation coverage for Langdale; (4) finding Gevity failed to fulfill its obligations under the contract and Harris Carpets and Gevity are estopped from denying workers' compensation coverage as a matter of equity; and (5) finding Langdale is currently entitled to temporary total disability benefits. We affirm.

## FACTS

On January 30, 2008, while installing flooring as an independent contractor for Harris Carpets, Langdale suffered a compensable injury to his left lower extremity when carrying tiles down a flight of stairs.[1] Harris Carpets has periodically contracted with Langdale to install floors for over twenty years, but Langdale began working on a full-time basis for Harris Carpets in 2006. Throughout the time Langdale worked for Harris Carpets, he paid ten percent of his earnings to Harris Carpets to secure workers' compensation insurance.

Five months prior to Langdale's injury, Harris Carpets contracted with Gevity to provide human resource services, including payroll processing, management consulting, and administering health and retirement benefits. In addition, Gevity provided workers' compensation coverage to Harris Carpets' workers pursuant to the Professional Services Agreement ("Agreement") the parties executed in August 2007.

After his injury, Langdale properly notified Harris Carpets of the accident and sought workers' compensation coverage. Harris Carpets and Gevity both refused to provide coverage for Langdale's injuries. As a result, Langdale timely filed a Form 50, requesting a hearing and seeking temporary total disability benefits as well as medical treatment for his left knee. Harris Carpets and Gevity each responded with a Form 51 denying coverage. Harris Carpets denied coverage, averring Langdale was a statutory employee of Gevity. Gevity denied coverage, asserting Langdale was not a covered employee of Harris Carpets.

After a hearing on October 23, 2008, the single commissioner found Langdale's injury compensable and issued an order finding, *inter alia*, the following: (1) Langdale was an independent contractor; (2) Harris Carpets deducted ten percent of Langdale's pay for the purchase of workers' compensation insurance; (3) Harris Carpets' manager testified he advised Gevity that Langdale was to be covered; (4) both Gevity and Harris Carpets were estopped from denying coverage as a

---

1. Langdale is an independent contractor, and none of the parties have contested the compensability of the accident.

matter of equity; (5) Harris Carpets was acting as an agent of Gevity by withholding workers' compensation premiums from Langdale's paycheck; and (6) Gevity and Harris Carpets both failed to meet their obligations under the Agreement. In addition, the single commissioner awarded medical and temporary total benefits commencing on March 13, 2008 to Langdale.

Gevity appealed to the Appellate Panel, which affirmed the findings of the single commissioner. This appeal followed.

## STANDARD OF REVIEW

The substantial evidence rule of the Administrative Procedures Act governs the standard of review in a workers' compensation decision. *Liberty Mut. Ins. Co. v. S.C. Second Injury Fund,* 363 S.C. 612, 619, 611 S.E.2d 297, 300 (Ct.App. 2005). "Substantial evidence is not a mere scintilla of evidence, nor the evidence viewed blindly from one side of the case, but is evidence which, considering the record as a whole, would allow reasonable minds to reach the conclusion the administrative agency reached in order to justify its action." *Id.* at 620, 611 S.E.2d at 300. "The possibility of drawing two inconsistent conclusions from the evidence does not prevent an administrative agency's findings from being supported by substantial evidence." *Id.* at 620, 611 S.E.2d at 301.

Where the evidence is conflicting over a factual issue, the findings of the Appellate Panel are conclusive. *Hargrove v. Titan Textile Co.,* 360 S.C. 276, 290, 599 S.E.2d 604, 611 (Ct.App.2004). In workers' compensation cases, the Appellate Panel is the ultimate finder of fact. *Shealy v. Aiken Cnty.,* 341 S.C. 448, 455, 535 S.E.2d 438, 442 (2000); *Bass v. Isochem,* 365 S.C. 454, 468, 617 S.E.2d 369, 376 (Ct.App.2005). "The final determination of witness credibility and the weight to be accorded evidence is reserved to the Appellate Panel." *Frame v. Resort Servs. Inc.,* 357 S.C. 520, 528, 593 S.E.2d 491, 495 (Ct.App.2004) (citing *Parsons v. Georgetown Steel,* 318 S.C. 63, 67, 456 S.E.2d 366, 368 (1995)). "In an appeal from the [Appellate Panel], neither this court nor the circuit court may substitute its judgment for that of the [Appellate Panel] as to the weight of the evidence on questions of fact, but may reverse where the decision is affected by an error of law."

*Stone v. Traylor Bros.*, 360 S.C. 271, 274, 600 S.E.2d 551, 552 (Ct.App.2004).

## LAW/ANALYSIS

### A. Agency Relationship

■ Gevity asserts the Appellate Panel erred in finding Harris Carpets acted as an agent for Gevity when Harris Carpets withheld premiums from Langdale's paycheck. We disagree.

■ The existence of an agency relationship is a question of fact to be determined by the relation, the situation, the conduct, and the declarations of the party sought to be charged as principal. *Am. Fed. Bank, FSB v. No. One Main Joint Venture*, 321 S.C. 169, 173–74, 467 S.E.2d 439, 442 (1996); *Hinson v. Roof*, 128 S.C. 470, 474, 122 S.E. 488, 489 (1924). Agency may be implied or inferred and may be proved circumstantially by the conduct of the purported agent exhibiting a pretense of authority with the knowledge of the alleged principal. *R & G Const., Inc. v. Lowcountry Reg'l Transp. Auth.*, 343 S.C. 424, 434, 540 S.E.2d 113, 118 (Ct.App. 2000) (citing *Fernander v. Thigpen*, 278 S.C. 140, 143, 293 S.E.2d 424, 426 (1982)).

Gevity avers the Appellate Panel erred in finding the existence of an agency relationship because Gevity and Harris Carpets never agreed to enter into an agency relationship. The Agreement signed by the parties contained a provision prohibiting either party from acting as the agent of the other party unless specifically authorized to do so in writing.[2] The single commissioner and Appellate Panel found Harris Carpets was acting as an agent of Gevity by withholding workers' compensation premiums from Langdale's checks despite the provision in the parties' Agreement prohibiting an agency relationship. *See Fed. Sav. & Loan Ass'n v. Myrtle Beach Golf & Yacht Club*, 310 S.C. 132, 145–46, 425 S.E.2d 764, 773

---

2. Paragraph 30 of the Agreement specifically states: "Nothing set forth in this Agreement shall be deemed to create a partnership or joint venture between [Harris Carpets] and Gevity, and no fiduciary duty shall arise from the relationship created hereunder. In no event may either party act as the agent of the other party unless specifically authorized in writing to do so."

(Ct.App.1992) ("An agreement may result in the creation of an agency relationship although the parties did not call it an agency and did not intend the consequences of the relationship to follow.").

Gevity asserts the Agreement did not authorize Harris Carpets to withhold workers' compensation premiums on its behalf. Despite this contention, the evidence proves Harris Carpets performed duties on behalf of Gevity when Harris Carpets deducted money from its employees and contractors to pay Gevity. In return, Gevity acted on Harris Carpets' behalf when Gevity provided workers' compensation insurance to Harris Carpets' workers. *See Bankers Trust of S.C. v. Bruce,* 283 S.C. 408, 423, 323 S.E.2d 523, 532 (Ct.App.1984) ("Generally, agency may be, and frequently is, implied or inferred from the words and *conduct of the parties* and the circumstances of the particular case.") (emphasis added). Even though the Agreement did not explicitly establish an agency relationship, we find these actions by Harris Carpets and Gevity amount to a binding agency relationship. *See Beasley v. Kerr–McGee Chem. Corp.,* 273 S.C. 523, 526, 257 S.E.2d 726, 727 (1979) ("It is well established that the terms of a contractual agreement are not conclusive in determining the association between two parties where there is evidence outside the contract establishing an agency relationship."). As the existence of an agency relationship is a question of fact, and this court may not substitute its judgment for that of the Appellate Panel as to the weight of the evidence on questions of fact, we find the single commissioner and Appellate Panel's findings are supported by substantial evidence. *See Stone,* 360 S.C. at 274, 600 S.E.2d at 552 ("In an appeal from the [Appellate Panel], neither this court nor the circuit court may substitute its judgment for that of the [Appellate Panel] as to the weight of the evidence on questions of fact, but may reverse where the decision is affected by an error of law.").

**B. Langdale's Coverage under Harris Carpets' Insurance Policy**

■ Gevity asserts the Appellate Panel erred in finding the manager of Harris Carpets advised Gevity that Langdale was to be covered under its workers' compensation policy. We disagree.

In a workers' compensation case, the Appellate Panel is the ultimate fact finder. *DeBruhl v. Kershaw Cnty. Sheriff's Dep't,* 303 S.C. 20, 24, 397 S.E.2d 782, 785 (Ct.App.1990). The final determination of witness credibility and the weight to be accorded evidence is reserved to the Appellate Panel and it is not the task of courts to weigh the evidence as found by the single commissioner. *Id.* Where there are conflicts in the evidence over a factual issue, the findings of the Appellate Panel are conclusive. *See Stokes v. First Nat'l Bank,* 306 S.C. 46, 50, 410 S.E.2d 248, 251 (1991) (finding regardless of a conflict in the evidence, either of different witnesses or of the same witness, a finding of fact by the Appellate Panel is conclusive).

A review of the record reveals conflicting evidence exists as to whether Scott Junkins, the manager of Harris Carpets, informed Gevity that Langdale was covered under its workers' compensation policy. At the hearing, Mr. Junkins initially testified his office manager provided the list of Harris Carpets' covered employees to Gevity. When questioned by the single commissioner, however, Mr. Junkins stated that, to the best of his knowledge, neither he nor anybody in his company specifically notified Gevity that Langdale was to be covered. Shortly after this exchange, Mr. Junkins testified on cross-examination he told Gevity about Langdale and Langdale's desire for coverage during the parties' initial meeting in August 2007. Despite this conflict in Mr. Junkins' testimony, the single commissioner concluded Harris Carpets advised Gevity that Langdale was to be covered, which we defer to on appeal. *See Sharpe v. Case Produce, Inc.,* 336 S.C. 154, 160, 519 S.E.2d 102, 105 (1999) (stating the final determination of witness credibility and the weight to be accorded evidence is reserved to the Appellate Panel and it is not the task of this court to weigh the evidence). Accordingly, we find substantial evidence in the record to support the findings of the single commissioner and the Appellate Panel on this issue.

## C. Gevity's Liability for Langdale's Workers' Compensation Coverage

Gevity contends the Appellate Panel erred in finding liability should be placed on Gevity as opposed to Harris

Carpets and/or the Uninsured Employer's Fund to provide workers' compensation coverage for Langdale. We disagree.

This court's review is limited to determining whether the Appellate Panel's decision is unsupported by substantial evidence or controlled by an error of law. *Corbin v. Kohler Co.*, 351 S.C. 613, 617, 571 S.E.2d 92, 95 (Ct.App.2002). Our review of the record finds the Appellate Panel's decision is supported by substantial evidence and there is no error of law. Gevity admits five months prior to Langdale's injury, Harris Carpets contracted with Gevity to manage paperwork, provide consulting services, and provide workers' compensation coverage through Gevity's workers' compensation insurer. After contracting to undertake these responsibilities in August 2007, representatives of Gevity met with Harris Carpets, and the parties determined who was to be covered under the workers' compensation insurance policy. As noted above, the single commissioner and Appellate Panel found Harris Carpets informed Gevity that Langdale was a covered employee. In addition, by withholding premiums from Langdale's check, Harris Carpets served as an agent of Gevity thereby requiring Gevity to provide workers' compensation for Harris Carpets' workers. Because Harris Carpets was insured by Gevity at the time of Langdale's accident, Gevity must provide coverage for Langdale's accident. Accordingly, we find substantial evidence in this record to support the findings of the single commissioner and the Appellate Panel that Gevity is responsible for providing workers' compensation coverage for Langdale.

### D. Estoppel as a Matter of Equity

Gevity argues the Appellate Panel erred in finding Gevity failed to fulfill its obligations under the Agreement and in finding Gevity and Harris Carpets are estopped from denying workers' compensation coverage as a matter of equity. We disagree.

The essential elements of estoppel as related to the party estopped are: (1) conduct which amounts to a false representation or concealment of material facts, or, at least, which is calculated to convey the impression that the facts are otherwise than, and inconsistent with, those which the party

subsequently attempts to assert; (2) intention, or at least expectation, that such conduct shall be acted upon by the other party; and (3) knowledge, actual or constructive, of the real facts. *S. Dev. Land & Golf Co., v. S.C. Pub. Serv. Auth.,* 311 S.C. 29, 33, 426 S.E.2d 748, 750 (1993) (citing *Frady v. Smith,* 247 S.C. 353, 359, 147 S.E.2d 412, 415 (1966), *overruled on other grounds by Tolemac, Inc. v. United Trading, Inc.,* 326 S.C. 103, 484 S.E.2d 593 (1997)). To successfully assert the doctrine of estoppel, a party must show a (1) lack of knowledge and of the means of knowledge of the truth as to the facts in question, (2) reliance upon the conduct of the party estopped, and (3) prejudicial change in position. *See S. Dev. Land & Golf Co.,* 311 S.C. at 33, 426 S.E.2d at 750.

Harris Carpets' actions meet the essential elements of estoppel. First, Harris Carpets falsely represented to Langdale he was a covered employee under its workers' compensation insurance policy when Harris Carpets continued to deduct ten percent from each of Langdale's paychecks. Second, Harris Carpets had the expectation Langdale would rely on coverage when Harris Carpets offered Langdale the opportunity to sign a waiver to decline workers' compensation insurance, but Langdale refused, wanting to be covered under Harris Carpets' policy. Finally, Harris Carpets had constructive knowledge Langdale would not have been covered under its workers' compensation policy when Mr. Junkins admitted he did not read the Agreement even though he signed it. *See Shenker v. Baltimore & O. R.,* 374 U.S. 1, 13, 83 S.Ct. 1667, 10 L.Ed.2d 709 (1963) (stating that implicit in the principle of constructive knowledge is that one is chargeable with knowledge of that which in the exercise of reasonable care he should have known). Accordingly, Harris Carpets' conduct meets the essential elements of estoppel.

Gevity's actions also meet the essential elements of estoppel. First, Gevity falsely represents a position inconsistent with its subsequent conduct. Gevity maintains Langdale is not covered because Harris Carpets and Langdale did not adhere to the provisions of the Agreement by failing to provide form "GNL GL–800," a document which is to be completed by the client and the worker to initiate coverage. Although Langdale and Harris Carpets never filled out form "GNL GL–800," Mr. Junkins testified Gevity never provided

Harris Carpets with this form. Moreover, oral argument before the Appellate Panel revealed Harris Carpets provided Gevity a list of employees, and none of these employees were required to submit form "GNL GL–800," but obtained coverage. Second, Gevity also had the intention, or at least expectation, that employees paying workers' compensation premiums would be relying upon coverage should they be injured. Finally, Gevity had constructive knowledge of the real facts. Gevity asserts it was never provided notice Langdale was to be a covered employee because form "GNL GL–800" was never submitted. Despite this contention, Gevity had the ability to audit Harris Carpets pursuant to the parties' Agreement, which would have revealed the employees covered under the policy. Although Gevity was not required to perform an audit, it had five months to review Harris Carpets' financial records, which would have likely revealed Langdale's workers' compensation premiums were not being paid to Gevity. *See Shenker*, 374 U.S. at 13, 83 S.Ct. 1667 (stating that implicit in the principle of constructive knowledge is that one is chargeable with knowledge of that which in the exercise of reasonable care he should have known). As a result, Gevity's actions meet the essential elements of estoppel.

Langdale satisfies the essential elements of the doctrine of estoppel. First, the record provides ample evidence Langdale had no knowledge of Harris Carpets' or Gevity's actions. At the hearing, Langdale and Mr. Junkins both stated Harris Carpets made representations Langdale was covered under its workers' compensation policy. Langdale had no way of knowing the truth as to the facts in question as he continued to pay ten percent of each paycheck for workers' compensation insurance and did not know Gevity had an agreement with Harris Carpets or that Gevity even existed. Second, it is undisputed Langdale relied upon these representations of coverage. Finally, by declining the waiver of workers' compensation he was initially offered, Langdale changed his position in relying upon coverage when he agreed to have ten percent deducted from each paycheck. Accordingly, we find the decision by the Appellate Panel estopping both Gevity and Harris Carpets from denying coverage is supported by reliable, probative, and substantial evidence in the record.

### E. Temporary Total Disability Benefits

■ Gevity and Harris Carpets assert the Appellate Panel erred in finding Langdale is currently entitled to temporary total disability benefits.[3]  We disagree.

■ Section 42–1–120 of the South Carolina Code (2010) defines disability as the "incapacity because of injury to earn the wages which an employee was receiving at the time of the injury in the same or some other employment."  The issue of the extent of disability is a question of fact to be proved as any other fact is proved.  *Arnold v. Benjamin Booth Co.*, 257 S.C. 337, 342, 185 S.E.2d 830, 832 (1971).  "This court's function is not to resolve conflicts in the evidence but to determine from the record if substantial evidence supports the agency's finding."  *Hanks v. Blair Mills, Inc.*, 286 S.C. 378, 384, 335 S.E.2d 91, 95 (Ct.App.1985).

Gevity and Harris Carpets aver Langdale should have returned to work six to eight weeks following his surgery, and therefore, Langdale's temporary total disability benefits were proper only until October 3, 2008.  Specifically, Gevity and Harris Carpets argue there is no medical evidence on which the single commissioner based his finding and Langdale is an experienced, independent contractor who is able to work in some capacity.  However, we find Langdale presented satisfactory evidence to support the award of temporary total disability benefits.  Langdale's last day of work was March 13, 2008, and he had surgery to repair the left medial and lateral meniscal tears on August 7, 2008.  At the time of surgery, Dr. Kirk Hensarling opined it was likely Langdale would be out of work for six to eight weeks following the surgery, but "working as a flooring installer and being on his knees a great deal of time may be difficult for him."  Although Dr. Hensarling has not specifically provided a medical leave slip to the court, he has not released Langdale to return to work and still sees Langdale on a regular basis.  *See Gilliam v. Woodside Mills*, 319 S.C. 385, 388, 461 S.E.2d 818, 819 (1995) (recognizing the termination of temporary benefits and replacement with per-

---

3.  Although Harris Carpets does not appeal the decision of the Appellate Panel, Harris Carpets concurs in Gevity's argument with regard to Langdale's entitlement to temporary total disability benefits.

manent benefits is only proper upon a finding of maximum medical improvement).

At the hearing, Langdale specifically testified about his pain and work limitations. Langdale emphasized he cannot squat, bend his knee, bear weight on his knee, or walk for any period of time without pain. Given these ailments, Langdale explained he would be unavailable to return to work because it would require him to bend over and kneel for long periods of time. In addition to Langdale's own testimony, the Appellate Panel reviewed a record containing extensive medical evidence demonstrating Langdale incurred medial and lateral meniscal tears. *See Fishburne v. ATI Systems Int'l*, 384 S.C. 76, 87, 681 S.E.2d 595, 600 (Ct.App.2009) ("The [Appellate Panel] is given discretion to weigh and consider all evidence, including both lay and expert testimony.").

The single commissioner heard the testimony at the hearing and found Langdale's testimony regarding his medical condition credible. In addition, the Appellate Panel affirmed the single commissioner's finding as to the temporary total disability benefits concluding the award was supported by reliable, probative, and substantial evidence on the record. *See Etheredge v. Monsanto Co.*, 349 S.C. 451, 455, 562 S.E.2d 679, 681 (Ct.App.2002) ("The final determination of witness credibility and the weight to be accorded evidence in workers' compensation cases is reserved to the [Appellate Panel]."). Accordingly, we affirm the award of temporary total disability benefits to Langdale.

## CONCLUSION

Accordingly, the Appellate Panel's decision is

**AFFIRMED.**[4]

GEATHERS and LOCKEMY, JJ., concur.

---

4. We decide this case without oral argument pursuant to Rule 215, SCACR.