**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Allen Coolidge Frazier, Employee, Appellant,

v.

Starr Electric Co., Employer, and General Casualty Insurance Company, Carrier, Respondents.

Appellate Case No. 2011-190646

Appeal From Richland County
Workers' Compensation Commission

Unpublished Opinion No. 2012-UP-542
Heard September 13, 2012 – Filed October 3, 2012

**AFFIRMED**

Stephen Benjamin Samuels, of Samuels Law Firm, LLC, of Columbia, for Appellant.

Cynthia C. Dooley and Carmelo Barone Sammataro, both of Turner Padget Graham & Laney, PA, of Columbia, for Respondents.

**PER CURIAM:** Allen C. Frazier (Frazier) appeals the Workers' Compensation Commission's (Commission) denial of benefits. On appeal, Frazier argues the

Commission erred in (1) finding he failed to prove he sustained a compensable repetitive trauma injury, and (2) finding he did not provide timely notice of his injury. We affirm pursuant to Rule 220(b), SCACR, and the following authorities:

1.      As to whether the Commission erred in finding Frazier did not sustain a compensable repetitive trauma injury: *Sharpe v. Case Produce, Inc.*, 336 S.C. 154, 160, 519 S.E.2d 102, 105 (1999) ("The Commission's decision must be affirmed if the factual findings are supported by substantial evidence in the record."); *Hill v. Eagle Motor Lines*, 373 S.C. 422, 436, 645 S.E.2d 424, 431 (2007) ("Substantial evidence is that evidence which, in considering the record as a whole, would allow reasonable minds to reach the conclusion the Commission reached."); *Sharpe*, 336 S.C. at 160, 519 S.E.2d at 105 ("The possibility of drawing two inconsistent conclusions from the evidence does not prevent the Commission's finding from being supported by substantial evidence."); *id.* ("Where there is a conflict in the evidence, the Commission's findings of fact are conclusive."); *Langdale v. Carpets*, 395 S.C. 194, 203, 717 S.E.2d 80, 84 (Ct. App. 2011) ("The final determination of witness credibility and the weight to be accorded evidence is reserved to the [Commission] and it is not the task of courts to weigh the evidence as found by the single commissioner.").

2.      As to whether the Commission erred in finding Frazier did not provide timely notice of his injury: *Futch v. McAllister Towing of Georgetown, Inc.*, 335 S.C. 598, 613, 518 S.E.2d 591, 598 (1999) (holding an appellate court need not address remaining issues when disposition of a prior issue is dispositive).


**AFFIRMED.**

**FEW, C.J., and WILLIAMS and PIEPER, JJ., concur.**