**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Paula Y. Tucker, Appellant,

v.

SC Department of Mental Health, and State Accident Fund, Respondents.

Appellate Case No. 2015-000810

Appeal From The Workers' Compensation Commission

Unpublished Opinion No. 2016-UP-464
Submitted September 1, 2016 – Filed November 9, 2016

**AFFIRMED**

Frank Anthony Barton, of West Columbia, for Appellant.

Page Preston Snyder, of the State Accident Fund, of Columbia, for Respondents.

**PER CURIAM:** Paula Y. Tucker appeals the order of the Appellate Panel of the Workers' Compensation Commission (the Appellate Panel), arguing the Appellate Panel erred in (1) concluding she was not in need of additional medical treatment, (2) entering an award for permanent loss of use, and (3) concluding she reached maximum medical improvement (MMI). We affirm pursuant to Rule 220(b), SCACR, and the following authorities:

As to whether the Appellate Panel erred in concluding Tucker was not in need of additional medical treatment and entering an award for permanent loss of use: S.C. Code Ann. § 1-23-380 (Supp. 2015) (noting the South Carolina Administrative Procedures Act (APA) governs this court's review of an appeal from the Appellate Panel); *Hutson v. S.C. State Ports Auth.*, 399 S.C. 381, 387, 732 S.E.2d 500, 503 (2012) ("Under th[e APA] standard, [this court] can reverse or modify the decision only if the claimant's substantial rights have been prejudiced because the decision is affected by an error of law or is clearly erroneous in view of the reliable, probative, and substantial evidence on the whole record."); *Bentley v. Spartanburg Cty.*, 398 S.C. 418, 421-22, 730 S.E.2d 296, 298 (2012) ("Substantial evidence is not a mere scintilla of evidence, nor evidence viewed blindly from one side of the case, but is evidence which, considering the record as a whole, would allow reasonable minds to reach the conclusion the administrative agency reached."); *Langdale v. Harris Carpets*, 395 S.C. 194, 200, 717 S.E.2d 80, 83 (Ct. App. 2011) ("The final determination of witness credibility and the weight to be accorded evidence is reserved to the Appellate Panel." (quoting *Frame v. Resort Servs. Inc.*, 357 S.C. 520, 528, 593 S.E.2d 491, 495 (Ct. App. 2004))).

As to whether the Appellate Panel erred in concluding Tucker reached MMI: *Gadson v. Mikasa Corp.*, 368 S.C. 214, 224, 628 S.E.2d 262, 268 (Ct. App. 2006) ("MMI is a factual determination left to the discretion of the appellate panel."); *Langdale*, 395 S.C. at 200, 717 S.E.2d at 83 ("Whe[n] the evidence is conflicting over a factual issue, the findings of the Appellate Panel are conclusive.").

**AFFIRMED.**[1]

**LOCKEMY, C.J., and SHORT and MCDONALD, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.