**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Jose Juan Jimenez, Employee, Appellant,

v.

Kohler Company, Self-Insured Employer, Respondent.

Appellate Case No. 2015-001336

––––––––––

Appeal From the Workers' Compensation Commission

––––––––––

Unpublished Opinion No. 2017-UP-279
Submitted May 1, 2017 – Filed July 5, 2017

––––––––––

**AFFIRMED**

––––––––––

Alton Lamar Martin, Jr., of Martin & Martin, PA, of Greenville, for Appellant.

Grady Larry Beard, Nicolas Lee Haigler, and Robert E. Horner, all of Sowell Gray Robinson Stepp & Laffitte, LLC, of Columbia, for Respondent.

––––––––––

**PER CURIAM:** Jose Juan Jimenez appeals an order of the Appellate Panel of the Workers' Compensation Commission (Appellate Panel) affirming the order of the single commissioner, which found Jimenez did not sustain an "injury by accident." On appeal, Jimenez argues the Appellate Panel erred in affirming the order of the single commissioner because (1) Jimenez met his burden of proving a compensable

injury and (2) the Appellate Panel's conclusory findings of fact and conclusions of law lacked sufficient specificity for appellate review. We affirm[1] pursuant to Rule 220(b), SCACR, and the following authorities:

1.  As to whether the Appellate Panel erred in finding Jimenez did not meet his burden of proving a compensable injury: *Fishburne v. ATI Sys. Int'l*, 384 S.C. 76, 85, 681 S.E.2d 595, 599 (Ct. App. 2009) ("The Appellate Panel's decision must be affirmed if supported by substantial evidence in the record."); *Hutson v. S.C. State Ports Auth.*, 399 S.C. 381, 387, 732 S.E.2d 500, 503 (2012) ("Under this standard, [an appellate court] can reverse or modify the decision only if the claimant's substantial rights have been prejudiced because the decision is affected by an error of law or is clearly erroneous in view of the reliable, probative, and substantial evidence on the whole record."); *Shealy v. Aiken Cty.*, 341 S.C. 448, 455, 535 S.E.2d 438, 442 (2000) ("Substantial evidence is not a mere scintilla of evidence nor evidence viewed from one side, but such evidence, when the whole record is considered, as would allow reasonable minds to reach the conclusion the [Appellate Panel] reached."); *Potter v. Spartanburg Sch. Dist. 7*, 395 S.C. 17, 22, 716 S.E.2d 123, 126 (Ct. App. 2011) ("In workers' compensation cases, the Appellate Panel is the ultimate fact finder."); *Langdale v. Carpets*, 395 S.C. 194, 200, 717 S.E.2d 80, 83 (Ct. App. 2011) ("Where the evidence is conflicting over a factual issue, the findings of the Appellate Panel are conclusive."); *Clade v. Champion Labs.*, 330 S.C. 8, 11, 496 S.E.2d 856, 857 (1998) ("The claimant has the burden of proving facts that will bring the injury within the workers' compensation law, and such award must not be based on surmise, conjecture[,] or speculation.").

2.  As to whether the Appellate Panel erred in providing conclusory findings of fact and conclusions of law: *Canteen v. McLeod Reg'l Med. Ctr.*, 400 S.C. 551, 558-59, 735 S.E.2d 246, 250 (Ct. App. 2012) ("The findings of fact made by the Appellate Panel must be sufficiently detailed to enable the reviewing court to determine whether the evidence supports the findings."); *id.* at 559, 735 S.E.2d at 250 (finding the Appellate Panel failed to detail any evidence supporting its decision and remanding to the Appellate Panel to make specific findings).

**AFFIRMED.**

**LOCKEMY, C.J., and HUFF and THOMAS, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.