**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Paulette Walker as Personal Representative of the Estate of Albert Walker, Respondent,

v.

Hallmark Longterm Care, LLC d/b/a Hallmark Healthcare Center and Durena Stinson, Defendants,

of whom Hallmark Longterm Care, LLC d/b/a Hallmark Healthcare Center is the Appellant.

Appellate Case No. 2021-000594

---

Appeal From Dorchester County
Maite Murphy, Circuit Court Judge

---

Unpublished Opinion No. 2023-UP-400
Submitted December 4, 2023 – Filed December 13, 2023

---

**AFFIRMED**

---

Stephen Lynwood Brown, Russell Grainger Hines, James D. Gandy, III, Donald Jay Davis, Jr., Ted Ashton Phillips, III, all of Clement Rivers, LLP, of Charleston, for Appellant.

Daniel Nathan Hughey, Arthur Stuart Hudson, and Bradley Hunter Banyas, all of Hughey Law Firm, LLC,

of Mount Pleasant; and Jordan Christopher Calloway, of McGowan Hood Felder & Phillips, of Rock Hill, all for Respondent.

---

**PER CURIAM:**  Hallmark Longterm Care, LLC d/b/a Hallmark Healthcare Center (the Facility) appeals the circuit court's order denying its motion to compel to arbitration the claims of Paulette Walker (Paulette) as Personal Representative of the Estate of Albert Walker (the Estate).  On appeal, the Facility argues the circuit court erred by denying its motion to compel arbitration because (1) Paulette had the authority as Albert Walker's (Albert's) agent to bind Albert to Arbitration Agreement; (2) even if Paulette was not acting as Albert's lawful agent, Albert ratified the Arbitration Agreement; (3) the Admission Agreement and the Arbitration Agreement merged and the Estate should be equitably estopped from denying the enforceability of the Arbitration Agreement; (4) assuming the circuit court made such findings, the court erred by denying arbitration on the basis the Estate's claims were outside the scope of the Arbitration Agreement or that the Arbitration Agreement lacked consideration, material terms and/or was unconscionable; and (5) the circuit court erred in referring to Durena Stinson as a movant when Stinson had not appeared in the case.  We affirm pursuant to Rule 220(b), SCACR.

We hold the circuit court did not err by denying the Facility's motion to compel arbitration.  *See Zabinski v. Bright Acres Assocs.*, 346 S.C. 580, 596, 553 S.E.2d 110, 118 (2001) ("The question of the arbitrability of a claim is an issue for judicial determination, unless the parties provide otherwise."); *New Hope Missionary Baptist Church v. Paragon Builders*, 379 S.C. 620, 625, 667 S.E.2d 1, 3 (Ct. App. 2008) ("Appeal from the denial of a motion to compel arbitration is subject to de novo review."); *Stokes v. Metro. Life Ins. Co.*, 351 S.C. 606, 609-10, 571 S.E.2d 711, 713 (Ct. App. 2002) ("However, the circuit court's factual findings will not be overruled if there is any evidence reasonably supporting them.").

Initially, we hold Paulette did not have authority to execute the Arbitration Agreement on Albert's behalf because the evidence in the record does not support the existence of an agency relationship.  *See Froneberger v. Smith*, 406 S.C. 37, 49, 748 S.E.2d 625, 631 (Ct. App. 2013) ("Agency is the fiduciary relationship that arises when one person (a 'principal') manifests assent to another person (an 'agent') that the agent shall act on the principal's behalf and subject to the principal's control." (quoting Restatement (Third) of Agency § 1.01 (2006))); *Hodge v. UniHealth Post-Acute Care of Bamberg, LLC*, 422 S.C. 544, 565, 813

S.E.2d 292, 304 (Ct. App. 2018) ("A party asserting agency as a basis of liability must prove the existence of the agency, and the agency must be clearly established by the facts." (quoting *McCall v. Finley*, 294 S.C. 1, 6, 362 S.E.2d 26, 29 (Ct. App. 1987))); *Vereen v. Liberty Life Ins. Co.*, 306 S.C. 423, 427, 412 S.E.2d 425, 428 (Ct. App. 1991) (explaining the burden of establishing agency is on the party asserting that a principal agency relationship exists); *Hodge*, 422 S.C. at 565, 813 S.E.2d at 304 ("The existence of an agency relationship is . . . determined by the relation, the situation, the conduct, and the declarations of the party sought to be charged as principal." (quoting *Langdale v. Carpets*, 395 S.C. 194, 201, 717 S.E.2d 80, 83 (Ct. App. 2011))); *id.* at 566, 813 S.E.2d at 304 ("A true agency relationship may be established by evidence of actual or apparent authority." (quoting *R & G Constr., Inc. v. Lowcountry Reg'l Transp. Auth.*, 343 S.C. 424, 432, 540 S.E.2d 113, 117 (Ct. App. 2000))). Paulette's signing of the Arbitration Agreement does not make her Albert's agent. Albert did not have a health care power of attorney. Additionally, the Facility knew Albert was competent at the time of admission. The record contains no evidence from the Facility that Albert, as the principal, represented Paulette was his agent. Further, because Albert was competent, no argument can be made the Adult Health Care Consent Act gave Paulette the right to sign medial forms. Similarly, Paulette did not have Albert's health care power of attorney—or any power of attorney at the time she signed the Arbitration Agreement. *See Froneberger*, 406 S.C. at 47, 748 S.E.2d at 630 ("Under South Carolina law, '[t]he elements which must be proven to establish apparent agency are: (1) that the purported principal consciously or impliedly represented another to be his agent; (2) that there was a reliance upon the representation; and (3) that there was a change of position to the relying party's detriment.'" (quoting *Graves v. Serbin Farms, Inc.*, 306 S.C. 60, 63, 409 S.E.2d 769, 771 (1991))); *Hodge*, 422 S.C. at 566, 813 S.E.2d at 304 ("[A]n agency may not be established solely by the declarations and conduct of an alleged agent." (quoting *Cowburn v. Leventis*, 366 S.C. 20, 39-40, 619 S.E.2d 437, 448 (Ct. App. 2005))); *Thompson v. Pruitt Corp.*, 416 S.C. 43, 55, 784 S.E.2d 679, 686 (Ct. App. 2016) ("Further, the authority conveyed by a principal to an agent to handle finances or make health care decisions does not encompass executing an agreement to resolve legal claims by arbitration, thereby waiving the principal's right of access to the courts and to a jury trial."); *Froneberger*, 406 S.C. at 47-48, 748 S.E.2d at 630 (holding that to establish apparent authority, the proponent must show, among other things, "the purported principal consciously or impliedly represented another to be his agent").[1]

---

[1] A little over two weeks after Paulette signed the Arbitration Agreement, Albert executed a power of attorney naming Paulette as his attorney-in-fact. The document specifically granted Paulette the authority to bind Albert to arbitration.

Next, we hold the Admission Agreement and the Arbitration Agreement did not merge. *Est. of Solesbee by Bayne v. Fundamental Clinical & Operational Servs., LLC*, 438 S.C. 638, 648-49, 885 S.E.2d 144, 149 (Ct. App. 2023), *cert. pending* (finding the admission agreement and arbitration agreement did not merge after considering (1) the admission agreement provided it was governed by South Carolina law and the arbitration agreement provided it was governed by federal law, (2) the arbitration agreement recognized the two documents were separate by stating the arbitration agreement "shall survive any termination or breach of this Agreement or the Admission Agreement," (3) the documents were separately paginated and had their own signature pages, and (4) signing the arbitration agreement was not a precondition to admission); *Coleman v. Mariner Health Care, Inc.*, 407 S.C. 346, 355, 755 S.E.2d 450, 455 (2014) (concluding that by their own terms, language in the admission agreement that "recognize[d] the 'separatedness' of [the arbitration agreement] and the admission agreement" and a clause allowing the arbitration agreement to "be disclaimed within thirty days of signing while the admission agreement could not" indicated the parties' intention "that the common law doctrine of merger not apply"); *Hodge*, 422 S.C. at 562-63, 813 S.E.2d at 302 (determining an admissions agreement and arbitration agreement did not merge because the fact "the [a]dmissions [a]greement indicated it was governed by South Carolina law, whereas the [a]rbitration [a]greement stated it was governed by federal law[,]" "each document was separately paginated and had its own signature page[,]" and "the [a]rbitration [a]greement stated signing it was not a precondition to admission" evidenced the parties' intention that the documents be construed as separate instruments). Here, as in *Solesbee* and *Hodge*, (1) the two agreements were governed by different bodies of law because the Admission Agreement was governed by state law and the Arbitration Agreement was governed by federal law; (2) each document was separately labeled, numbered, and contained its own signature page; (3) the arbitration agreement recognized the two documents were separate, stating the arbitration agreement "shall survive any termination or breach of this Agreement or the Admission Agreement"; and (4) the Facility acknowledged that signing the Arbitration Agreement was not a prerequisite to admission to the Facility. Thus, the Admission Agreement and Arbitration Agreement did not merge. Because we find the documents did not merge, a controlling consideration of whether the Arbitration Agreement bound Albert, we

Although the Facility argues the Arbitration Agreement was ratified because Paulette did not repudiate the Arbitration Agreement once she had power of attorney, this argument is unavailing because no agency relationship existed when the Arbitration Agreement was signed.

decline to reach the Facility's remaining arguments. *See Futch v. McAllister Towing of Georgetown, Inc.*, 335 S.C. 598, 613, 518 S.E.2d 591, 598 (1999) (ruling an appellate court need not address remaining issues when its resolution of a prior issue is dispositive); *Est. of Solesbee*, 438 S.C. at 649, 885 S.E.2d at 149 (determining that because the admission agreement and arbitration agreement did not merge, the equitable estoppel argument was properly denied); *Coleman*, 407 S.C. at 356, 755 S.E.2d at 455 ("Since there was no merger here, appellants' equitable estoppel argument was properly denied by the circuit court."); *Hodge*, 422 S.C. at 563, 813 S.E.2d at 302 (concluding "equitable estoppel would only apply if documents were merged").

**AFFIRMED.**[2]

**WILLIAMS, C.J., and HEWITT and VERDIN, JJ., concur.**

---

[2] We decide this case without oral argument pursuant to Rule 215, SCACR.