**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Kevin Greene, as Attorney in Fact for and on behalf of Eleanor Greene Wragg, Respondent,

v.

Palmetto Prince George Operating, LLC d/b/a Prince George Healthcare Center; Palmetto Health Care LLC; Murray Forman, Individually; and Richard Porter, Individually, Defendants,

Of Whom Palmetto Prince George Operating, LLC d/b/a Prince George Healthcare Center; Palmetto Health Care, LLC; and Richard Porter, Individually, are the Appellants.

Appellate Case No. 2020-001167

———————

Appeal From Georgetown County
Benjamin H. Culbertson, Circuit Court Judge

———————

Unpublished Opinion No. 2023-UP-396
Submitted December 4, 2023 – Filed December 13, 2023

———————

**AFFIRMED**

———————

Stephen Lynwood Brown, Russell Grainger Hines, Donald Jay Davis, Jr., Matthew Oliver Riddle, Gaillard

Townsend Dotterer, III, all of Clement Rivers, LLP, of Charleston, for Appellants.

Kevin Greene, of Georgetown, pro se.

---

**PER CURIAM:** Palmetto Prince George Operating, LLC d/b/a Prince George Healthcare Center (the Facility), Richard Porter, and Palmetto Health Care, LLC (collectively, Appellants) appeal the circuit court's order denying their motions to stay as well as the circuit court's denial of the Facility and Porter's motions to compel to arbitration the claims of Kevin Greene, as Attorney in Fact for and on behalf of Eleanor Greene Wragg. On appeal, the Facility and Porter argue the circuit court erred by denying their motions to compel arbitration and thus also erred in denying Appellants' motions to stay. The Facility and Porter further contend that "[a]t a minimum" the circuit court should have granted the Facility and Porter's alternative request to conduct limited discovery to address gaps in the evidentiary record bearing on the Arbitration Agreement's enforceability. We affirm pursuant to Rule 220(b), SCACR.

We hold the circuit court did not err by denying the Facility's motion to compel arbitration.[1] *See Zabinski v. Bright Acres Assocs.*, 346 S.C. 580, 596, 553 S.E.2d 110, 118 (2001) ("The question of the arbitrability of a claim is an issue for judicial determination, unless the parties provide otherwise."); *New Hope Missionary Baptist Church v. Paragon Builders*, 379 S.C. 620, 625, 667 S.E.2d 1, 3 (Ct. App. 2008) ("Appeal from the denial of a motion to compel arbitration is subject to de novo review."); *Stokes v. Metro. Life Ins. Co.*, 351 S.C. 606, 609-10, 571 S.E.2d 711, 713 (Ct. App. 2002) ("However, the circuit court's factual findings will not be overruled if there is any evidence reasonably supporting them.").

Initially, we hold Wendal Greene (Wendal) did not have authority to execute the Arbitration Agreement on Wragg's behalf because the evidence in the record does not support the existence of an agency relationship. *See Froneberger v. Smith*, 406 S.C. 37, 49, 748 S.E.2d 625, 631 (Ct. App. 2013) ("Agency is the fiduciary relationship that arises when one person (a 'principal') manifests assent to another person (an 'agent') that the agent shall act on the principal's behalf and subject to the principal's control." (quoting Restatement (Third) of Agency § 1.01 (2006)));

---

[1] Because we hold the circuit court did not err by denying Porter and the Facility's motions to compel arbitration, it also did not err by denying Appellants' motions to stay the case until the conclusion of arbitration proceedings.

*Hodge v. UniHealth Post-Acute Care of Bamberg, LLC*, 422 S.C. 544, 565, 813 S.E.2d 292, 304 (Ct. App. 2018) ("A party asserting agency as a basis of liability must prove the existence of the agency, and the agency must be clearly established by the facts." (quoting *McCall v. Finley*, 294 S.C. 1, 6, 362 S.E.2d 26, 29 (Ct. App. 1987))); *Vereen v. Liberty Life Ins. Co.*, 306 S.C. 423, 427, 412 S.E.2d 425, 428 (Ct. App. 1991) (explaining the burden of establishing agency is on the party asserting that a principal agency relationship exists); *Hodge*, 422 S.C. at 565, 813 S.E.2d at 304 ("The existence of an agency relationship is . . . determined by the relation, the situation, the conduct, and the declarations of the party sought to be charged as principal." (quoting *Langdale v. Carpets*, 395 S.C. 194, 201, 717 S.E.2d 80, 83 (Ct. App. 2011))); *id.* at 566, 813 S.E.2d at 304 ("A true agency relationship may be established by evidence of actual or apparent authority." (quoting *R & G Constr., Inc. v. Lowcountry Reg'l Transp. Auth.*, 343 S.C. 424, 432, 540 S.E.2d 113, 117 (Ct. App. 2000))). Although the Facility and Porter argue that the declaration of the Facility's Admissions Director, Angela Burns, "is the only evidence in the record on the points addressed therein," nothing in Burns's declaration supports a finding that Wragg conferred actual or apparent authority on Wendel, to bind her to the Arbitration Agreement. A review of the record does not establish how Wragg represented to the Facility that Wendal was her agent—there is no evidence to support that Wragg was present when Wendal signed the Arbitration Agreement or that Wragg conferred authority through a legal document. *See Froneberger*, 406 S.C. at 47, 748 S.E.2d at 630 ("Under South Carolina law, '[t]he elements which must be proven to establish apparent agency are: (1) that the purported principal consciously or impliedly represented another to be his agent; (2) that there was a reliance upon the representation; and (3) that there was a change of position to the relying party's detriment.'" (quoting *Graves v. Serbin Farms, Inc.*, 306 S.C. 60, 63, 409 S.E.2d 769, 771 (1991))); *Hodge*, 422 S.C. at 566, 813 S.E.2d at 304 ("[A]n agency may not be established solely by the declarations and conduct of an alleged agent." (quoting *Cowburn v. Leventis*, 366 S.C. 20, 39-40, 619 S.E.2d 437, 448 (Ct. App. 2005))); *Thompson v. Pruitt Corp.*, 416 S.C. 43, 55, 784 S.E.2d 679, 686 (Ct. App. 2016) ("Further, the authority conveyed by a principal to an agent to handle finances or make health care decisions does not encompass executing an agreement to resolve legal claims by arbitration, thereby waiving the principal's right of access to the courts and to a jury trial."). Moreover, although the Facility and Porter contend Respondent failed to prove incapacity at the time the Admission Agreement and Arbitration Agreement were signed, the only evidence in the record regarding competency is the Facility's own Admission Documentation, in which a selection was made of four choices regarding Wragg's cognitive skills for daily decision making. The choice selected—"Moderately Impaired"—indicated that selection was appropriate

for the following: "The resident's decisions were poor, the resident required reminders, cues, and supervision in planning, organizing, and correcting daily routines."  We acknowledge the assessment may have included input from staff and family members who had direct knowledge of Wragg's ability over time, as indicated on the Admission Documentation; however, this selection suggests Wragg may not have had the ability to confer authority on Wendal.  *See Froneberger*, 406 S.C. at 47-48, 748 S.E.2d at 630 (holding that to establish apparent authority, the proponent must show, among other things, "the purported principal consciously or impliedly represented another to be his agent").[2]

Next, we hold the Admission Agreement and the Arbitration Agreement did not merge.  *Est. of Solesbee by Bayne v. Fundamental Clinical & Operational Servs., LLC*, 438 S.C. 638, 648-49, 885 S.E.2d 144, 149 (Ct. App. 2023), *cert. pending* (finding the admission agreement and arbitration agreement did not merge after considering (1) the admission agreement provided it was governed by South Carolina law and the arbitration agreement provided it was governed by federal law, (2) the arbitration agreement recognized the two documents were separate by stating the arbitration agreement "shall survive any termination or breach of this Agreement or the Admission Agreement," (3) the documents were separately paginated and had their own signature pages, and (4) signing the arbitration agreement was not a precondition to admission); *Coleman v. Mariner Health Care, Inc.*, 407 S.C. 346, 355, 755 S.E.2d 450, 455 (2014) (concluding that by their own terms, language in the admission agreement that "recognize[d] the 'separatedness' of [the arbitration agreement] and the admission agreement" and a clause allowing the arbitration agreement to "be disclaimed within thirty days of signing while the admission agreement could not" indicated the parties' intention "that the common law doctrine of merger not apply"); *Hodge*, 422 S.C. at 562-63, 813 S.E.2d at 302 (determining an admissions agreement and arbitration agreement did not merge because the fact "the [a]dmissions [a]greement indicated it was governed by South Carolina law, whereas the [a]rbitration [a]greement stated it was governed by federal law[,]" "each document was separately paginated and had its own signature page[,]" and "the [a]rbitration [a]greement stated signing it was not a precondition to admission" evidenced the parties' intention that the documents be construed as separate instruments).  Here, as in *Solesbee* and *Hodge*, (1) the two agreements

---

[2] Additionally, because the Facility and Porter do not argue how Wragg ratified the Arbitration Agreement after Wendal executed it, we find this argument abandoned. *See R & G Constr., Inc. v. Lowcountry Reg'l Transp. Auth.*, 343 S.C. 424, 437, 540 S.E.2d 113, 120 (Ct. App. 2000) (declaring an issue is deemed abandoned if argument in appellate brief is only conclusory).

were governed by different bodies of law because the Admission Agreement was governed by state law and the Arbitration Agreement was governed by federal law; (2) each document was separately labeled, numbered, and contained its own signature page; (3) the arbitration agreement recognized the two documents were separate, stating the arbitration agreement "shall survive any termination or breach of this Agreement or the Admission Agreement"; and (4) the Facility acknowledged that signing the Arbitration Agreement was not a prerequisite to admission to the Facility. Thus, the Admission Agreement and Arbitration Agreement did not merge. Because we find the documents did not merge, a controlling consideration of whether the Arbitration Agreement bound Wragg, we decline to reach the Facility's remaining argument. *See Futch v. McAllister Towing of Georgetown, Inc.*, 335 S.C. 598, 613, 518 S.E.2d 591, 598 (1999) (ruling an appellate court need not address remaining issues when its resolution of a prior issue is dispositive); *Est. of Solesbee*, 438 S.C. at 649, 885 S.E.2d at 149 (determining that because the admission agreement and arbitration agreement did not merge, the equitable estoppel argument was properly denied); *Coleman*, 407 S.C. at 356, 755 S.E.2d at 455 ("Since there was no merger here, appellants' equitable estoppel argument was properly denied by the circuit court."); *Hodge*, 422 S.C. at 563, 813 S.E.2d at 302 (concluding "equitable estoppel would only apply if documents were merged").

Finally, we hold the circuit court did not err by denying the Facility's request to conduct limited discovery to address gaps in the evidentiary record bearing on the Arbitration Agreement's enforceability under an agency theory. *See Est. of Solesbee*, 438 S.C. at 651, 885 S.E.2d at 150 ("Because we find the trial court correctly held there was no merger of the Agreements and Magnolia's equitable estoppel argument was properly denied, we also find the court did not err in denying its request for further discovery when it would not have changed the result.").

**AFFIRMED.**[3]

**WILLIAMS, C.J., and HEWITT and VERDIN, JJ., concur.**

---

[3] We decide this case without oral argument pursuant to Rule 215, SCACR.