**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

The Estate of Charles S. Rudd, deceased, through the duly appointed Personal Representative, Thelma Rudd, Individually and on behalf of statutory beneficiaries, Respondent,

v.

Pepper Hill Nursing & Rehab Center, LLC d/b/a Pepper Hill Nursing & Rehab Center and Shiloh Management Company, Inc., Appellants.

Appellate Case No. 2020-001441

———————

Appeal From Aiken County
Courtney Clyburn Pope, Circuit Court Judge

———————

Unpublished Opinion No. 2024-UP-040
Submitted January 24, 2024 – Filed January 31, 2024

———————

**AFFIRMED**

———————

Mark V. Gende and Brandon Robert Gottschall, both of Sweeny Wingate & Barrow, PA, of Columbia, for Appellants.

Gary W. Poliakoff and Raymond Paul Mullman, Jr., both of Poliakoff & Assoc., PA, of Spartanburg; Jordan Christopher Calloway, of McGowan Hood Felder &

Phillips, of Rock Hill; and Edward John Waelde, of Greenville, all for Respondent.

———————

**PER CURIAM:** Pepper Hill Nursing & Rehab Center, LLC d/b/a Pepper Hill Nursing & Rehab Center and Shiloh Management Company, Inc. (collectively, Appellants) appeal the circuit court's order denying their joint motion to dismiss the complaint of The Estate of Charles S. Rudd, deceased, through the duly appointed Personal Representative, Thelma Rudd, Individually and on behalf of statutory beneficiaries, and compel arbitration.  On appeal, Appellants argue the circuit court erred by (1) finding no binding arbitration agreement existed, (2) failing to find Respondent was equitably estopped from declining to participate in arbitration, and (3) failing to compel arbitration, when Charles S. Rudd (Charles) was a third-party beneficiary of the Admission Agreement.  We affirm pursuant to Rule 220(b), SCACR.

We hold the circuit court did not err by denying Appellants' motion to compel arbitration.  *See Zabinski v. Bright Acres Assocs.*, 346 S.C. 580, 596, 553 S.E.2d 110, 118 (2001) ("The question of the arbitrability of a claim is an issue for judicial determination, unless the parties provide otherwise."); *New Hope Missionary Baptist Church v. Paragon Builders*, 379 S.C. 620, 625, 667 S.E.2d 1, 3 (Ct. App. 2008) ("Appeal from the denial of a motion to compel arbitration is subject to de novo review."); *Stokes v. Metro. Life Ins. Co.*, 351 S.C. 606, 609-10, 571 S.E.2d 711, 713 (Ct. App. 2002) ("However, the circuit court's factual findings will not be overruled if there is any evidence reasonably supporting them.").

Initially, we hold Thelma Rudd (Thelma) did not have authority to execute the Admission Agreement, which contained the arbitration provision at issue, on Charles's behalf because the evidence in the record does not support the existence of an agency relationship.  *See Froneberger v. Smith*, 406 S.C. 37, 49, 748 S.E.2d 625, 631 (Ct. App. 2013) ("Agency is the fiduciary relationship that arises when one person (a 'principal') manifests assent to another person (an 'agent') that the agent shall act on the principal's behalf and subject to the principal's control." (quoting Restatement (Third) of Agency § 1.01 (2006))); *Hodge v. UniHealth Post-Acute Care of Bamberg, LLC*, 422 S.C. 544, 565, 813 S.E.2d 292, 304 (Ct. App. 2018) ("A party asserting agency as a basis of liability must prove the existence of the agency, and the agency must be clearly established by the facts." (quoting *McCall v. Finley*, 294 S.C. 1, 6, 362 S.E.2d 26, 29 (Ct. App. 1987))); *Vereen v. Liberty Life Ins. Co.*, 306 S.C. 423, 427, 412 S.E.2d 425, 428 (Ct. App. 1991) (explaining the burden of establishing agency is on the party asserting that a

principal agency relationship exists); *Hodge*, 422 S.C. at 565, 813 S.E.2d at 304 ("The existence of an agency relationship is . . . determined by the relation, the situation, the conduct, and the declarations of the party sought to be charged as principal." (quoting *Langdale v. Carpets*, 395 S.C. 194, 201, 717 S.E.2d 80, 83 (Ct. App. 2011))); *id.* at 566, 813 S.E.2d at 304 ("A true agency relationship may be established by evidence of actual or apparent authority." (quoting *R & G Constr., Inc. v. Lowcountry Reg'l Transp. Auth.*, 343 S.C. 424, 432, 540 S.E.2d 113, 117 (Ct. App. 2000))). First, the record does not support that Thelma had authority to bind Charles to the Admission Agreement under the Adult Health Care Consent Act[1] (the Act) because there is no evidence Charles was deemed "unable to consent" such that the authority for decisions concerning his health care could be made by Thelma under the Act. *See* S.C. Code Ann. § 44-66-30(A) (Supp. 2023) (providing a list of persons, and their priority, who may make health care decisions for a patient "[w]here a patient is *unable to consent*" (emphasis added)); S.C. Code Ann. § 44-66-20(8) (2018) (explaining "'[u]nable to consent' means unable to appreciate the nature and implications of the patient's condition and proposed health care, to make a reasoned decision concerning the proposed health care, or to communicate that decision in an unambiguous manner. . . . A patient's inability to consent must be certified by two licensed physicians, each of whom has examined the patient"). Second, a review of the record does not establish how Charles represented to Appellants that Thelma was his agent—there is no evidence to support that Charles was present when Thelma signed the Admission Agreement or that Charles conferred authority through a legal document. *See Froneberger*, 406 S.C. at 47, 748 S.E.2d at 630 ("Under South Carolina law, '[t]he elements which must be proven to establish apparent agency are: (1) that the purported principal consciously or impliedly represented another to be his agent; (2) that there was a reliance upon the representation; and (3) that there was a change of position to the relying party's detriment.'" (quoting *Graves v. Serbin Farms, Inc.*, 306 S.C. 60, 63, 409 S.E.2d 769, 771 (1991))); *Hodge*, 422 S.C. at 566, 813 S.E.2d at 304 ("[A]n agency may not be established solely by the declarations and conduct of an alleged agent." (quoting *Cowburn v. Leventis*, 366 S.C. 20, 39-40, 619 S.E.2d 437, 448 (Ct. App. 2005))); *Thompson v. Pruitt Corp.*, 416 S.C. 43, 55, 784 S.E.2d 679, 686 (Ct. App. 2016) ("Further, the authority conveyed by a principal to an agent to handle finances or make health care decisions does not encompass executing an agreement to resolve legal claims by arbitration, thereby waiving the principal's right of access to the courts and to a jury trial.").

---

[1] S.C. Code Ann. § 44-66-10 through -80 (2018 & Supp. 2023).

Additionally, we hold the the direct benefits estoppel theory does not operate to estop the Estate from opposing arbitration under the facts of this case because the claims do not arise from the contractual relationship nor is there evidence to support Charles *knowingly* exploited the other parts of the Admission Agreement. *See Weaver v. Brookdale Senior Living, Inc.*, 431 S.C. 223, 230, 847 S.E.2d 268, 272 (Ct. App. 2020) ("State law controls when an arbitration agreement may be enforced against someone who has not signed it."); *Wilson v. Willis*, 426 S.C. 326, 338, 827 S.E.2d 167, 174 (2019) ("South Carolina has recognized several theories that could bind nonsignatories to arbitration agreements under general principles of contract and agency law, including (1) incorporation by reference, (2) assumption, (3) agency, (4) veil piercing/alter ego, and (5) estoppel."); *Weaver*, 431 S.C. at 230, 847 S.E.2d at 272 ("[D]irect benefits estoppel in the arbitration realm, estops a nonsigner from refusing to comply with an arbitration provision of a contract if (1) the nonsigner's claim arises from the contractual relationship, (2) the nonsigner has 'exploited' other parts of the contract by reaping its benefits, and (3) the claim relies solely on the contract terms to impose liability" (quoting *Wilson*, 426 S.C. at 340-44, 827 S.E.2d at 175-77)); *Wilson*, 426 S.C. at 344-45, 827 S.E.2d at 177 (requiring proof that the nonsignatory "knowingly exploited" the contract containing the arbitration provision).

Finally, we find Appellants' third issue—that Charles was a third-party beneficiary of the Admission Agreement—not preserved for appellate review because the final order did not address this issue, and Appellants' Rule 59(e), SCRCP, did not seek a ruling from the circuit court on this issue. *See Wilder Corp. v. Wilke*, 330 S.C. 71, 76, 497 S.E.2d 731, 733 (1998) ("It is axiomatic that an issue cannot be raised for the first time on appeal, but must have been raised to and ruled upon by the trial judge to be preserved for appellate review.").

**AFFIRMED.**[2]

**MCDONALD and VINSON, JJ., and LOCKEMY, A.J., concur.**

---

[2] We decide this case without oral argument pursuant to Rule 215, SCACR.